## No. 27184

**The People of the State of Colorado v. Anthony Swazo and Eddie Swazo, Jr.**

(553 P.2d 782)

Decided August 23, 1976.

*Reversed*

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, Thomas P. Casey, Chief Appellate Deputy, Lucy Marsh Yee, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lawrence J. Schoenwald, Deputy, for defendant-appellee Anthony Swazo.

Holm, Willis and Dill, P.C., H. Alan Dill, for defendant-appellee Eddie Swazo, Jr.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

The district attorney, pursuant to statutory authority re questions of law, appeals from an order of the Denver district court dismissing several felony charges against the defendants. We reverse and order the charges reinstated.

The defendants were originally charged by felony complaint with second-degree burglary, felony theft, and conspiracy to commit second-degree burglary and theft. After a preliminary hearing in the Denver county court, the charges were dismissed for lack of probable cause.

Subsequently the prosecuting attorney asked leave to file in district court the same charges by direct information. The parties stipulated that District Judge Leonard Plank consented to the filing, although he was not informed of the prior proceedings and the county court dismissal. After the information was filed, Judge Plank signed the same and fixed bail at $5,000 for each of the defendants.

Thereafter the case was assigned to another division of the district court presided over by Judge Joseph R. Quinn. The defendants filed a motion to dismiss, and following arguments by counsel, Judge Quinn made the following finding and ruling:

"In this particular case the Court would find there was not an informed consent given by Judge Plank to the filing of this information. Judge Plank was at no time advised that the defendants had been through a preliminary hearing, and there had been, in fact, a judicial determination of lack of probable cause. It was the duty of the District Attorney when he requested leave of the District Court to set forth these matters to Judge Plank so Judge Plank could make an informed judgment as to whether or not this case should be placed on the docket for trial proceedings or should

not be allowed to be filed because of the then existing judicial determination of lack of probable cause. . . .

"The Court concludes that there was not consent within the meaning of [Crim. P. 7]. It was not an informed consent, and the Judge was not properly advised of the factual predicate on which the information was based . . . ."

Defendants' motions to dismiss were granted.

The court was apparently persuaded that its action in dismissing the case was mandated by *People v. Burggraf*, 36 Colo.App. 137, 536 P.2d 48. That case is distinguishable in that the direct information was filed .without leave.of court, whereas in the case at bar consent of court was actually obtained.

Therefore the only issue herein is whether the district attorney must advise the court of the results of the county court preliminary hearing and also of any additional evidence available which was not presented at the preliminary hearing.

We do not approve of the failure by the district attorney to give the district court sufficient additional facts as to the reason for filing the direct information after the county court action. The consent of the court cannot be perfunctory. Crim. P. 7(b)(3) provides for the filing of an information without consent, whereas Rule 7(c) requires consent of the district court before an information may be filed. The logical application of Rule 7(c) requires informed consent — otherwise, any real distinction between Rule 7(b)(3) and Rule 7(c) would be illusory. For consent to be valid, there must be a sufficient evidentiary disclosure by the prosecutor to at least apprise the judge of a prior dismissal of the identical charges in county court and the reasons for the direct filing. The requirement of court consent implies a real application of discretion.

Nonetheless the dismissal of the case was not proper under the circumstances of this case. Consent of court had been obtained. On the date of the hearing on the dismissal motion the court had also set the matter down for preliminary hearing. As thus postured the correct procedure would have been to proceed with the preliminary hearing in district court for a determination whether there was in fact probable cause to proceed with the prosecution of the charges. Or at the very least the matter could have been remanded to Judge Plank for him to make a determination from facts previously withheld from him whether he would reaffirm his previous consent or withdraw his consent. Dismissal of serious criminal charges on mere technicalities is not favored.

The judgment is reversed and the charges ordered reinstated with directions to conduct further proceedings consonant with the views expressed herein.

MR. JUSTICE LEE does not participate.