**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Keith ELMORE, Defendant-Appellee.**

**No. 81SA331.**

Supreme Court of Colorado, En Banc.

Sept. 13, 1982.

Paul Q. Beacom, Dist. Atty., Steven Bernard, Marc P. Mishkin, Deputy Dist. Attys., Brighton, for plaintiff-appellant.

J. Gregory Walta, Colorado State Public Defender, Dorian E. Welch, Deputy State Public Defender, Brighton, for defendant-appellee.

HODGES, Chief Justice.

The People of the State of Colorado appeal from the district court's ruling denying the district attorney's request to file a direct information in that court pursuant to Crim. P. 7(c)(2).[1] The district court based

1. Crim.P. 7(c)(2) provides:
   (c) *Direct Information.* The prosecuting attorney, with the consent of the court having

trial jurisdiction, may file a direct information if:

its refusal to consent to the filing of a direct information on its view that the evidence which the district attorney would present was insufficient to even establish probable cause. We affirm.

Respondent Elmore was originally charged in the County Court of Adams County with second-degree burglary in violation of section 18–4–203, C.R.S. 1973 (1978 Repl. Vol. 8). A preliminary hearing was held in accordance with section 16–5–301, C.R.S. 1973 (1978 Repl. Vol. 8) at the conclusion of which the county court dismissed the felony complaint for lack of probable cause. Thereafter, the district attorney requested the district court's consent to file a direct information in that court pursuant to Crim.P. 7(c)(2) and in support of this request stated to the district court that an additional witness, apparently not available previously, would present testimony indicating that the defendant was involved in a burglary similar to the burglary alleged in the complaint, and that this testimony would tie the defendant into the burglary alleged in the complaint. In refusing to authorize the direct filing, the district court ruled:

> "There is no showing of sufficient additional evidence to show that there would be probable cause to believe that Keith Elmore committed the burglary of the Arellano residence.
>
> Although the District Attorney has met his burden under *Swazo,* 553 P.2d 782, the Court finds that the offer presented is insufficient to allow the direct filing."

The purpose to be achieved by the district court consent requirement of Crim.P. 7(c)(2) is to insure that the accused is not subject to oppressive and malicious prosecutions. *See Walker v. People,* 22 Colo. 415, 45 P. 388 (1896). Accordingly, in *People v. Swazo,* 191 Colo. 425, 553 P.2d 782 (1976), we held that valid consent to proceed against the accused by direct information in the district court requires that the prosecution not only disclose that identical

(2) A preliminary hearing was held in the county court and the accused person was

charges were dismissed in the county court for lack of probable cause but also to present reasons to justify the direct filing.

In *People v. Swazo, supra,* this court emphasized that when a district attorney requested district court consent for a direct filing of a complaint under Crim.P. 7(c)(2) there must be "a real application of discretion" before consent is given. Here, the district court, in exercising its discretion, ruled that the district attorney had not presented a sufficient reason to justify the direct filing after dismissal of the burglary charge in the county court after a preliminary hearing. There is nothing in the record of this case to indicate any abuse of discretion on the part of the district court. Rather, it appears from this limited record that the district court's exercise of discretion in this case resulted in an entirely proper and fully justified disposition.

Ruling affirmed.