**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Arthur FREIMAN, Defendant-Appellee.**

**No. 82SA116.**

Supreme Court of Colorado,
En Banc.

Jan. 31, 1983.

Paul Q. Beacom, Dist. Atty., Steven L. Bernard, Deputy Dist. Atty., Brighton, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, David G. Eisner, Chief Deputy Public Defender, Denver, for defendant-appellee.

NEIGHBORS, Justice.

The People have appealed the decision of the district court denying their request to file a direct information. We affirm the trial court.

The procedural history of this case is as follows: The defendant was charged with criminal attempt to commit sexual assault on a child in violation of section 18–2–101, C.R.S.1973 (1978 Repl.Vol. 8). The charge was made in a felony complaint filed in the county court. Following a preliminary hearing the charge was dismissed. The county court found there was no probable cause to believe that a crime had been committed. The People appealed to the district court which affirmed the county court. The People did not seek certiorari review of the district court's ruling, but elected to request permission to file a direct information in another division of the district court. In their petition to file a direct information, the People did not allege that any new or additional evidence had become available. The district judge held a hearing to determine whether the People should be permitted to file the information. The district court denied the request. It is from that decision that the People have appealed.

◼ The People's appeal is rejected for two reasons. First, the People elected to appeal the dismissal of the charges on the basis that the county court erred in finding no probable cause to believe that a crime had been committed. *See Chavez v. District Court,* 648 P.2d 658 (Colo.1982). The district court concluded that it would "not substitute its judgment for that of the Trial Court." The district court's ruling was not appealed. Accordingly, the People are precluded from relitigating the issue of whether probable cause existed to believe that the defendant had committed a crime by their request for leave to file a direct information in the district court. *See People v. Driscoll,* 200 Colo. 410, 615 P.2d 696 (1980). The People tried to circumvent the first ruling of the district court when they failed to seek a writ of certiorari and attempted to file a direct information in another division of the district court. Once the district court affirmed the ruling of the county court that no probable cause existed, that decision became a final judgment binding on the parties.

Second, Crim.P. 7(c) provides in pertinent part:

"The prosecuting attorney, with the consent of the court having trial jurisdiction, may file a direct information if:

. . . .

"(2) A preliminary hearing was held in the county court and the accused person was discharged."

◼ In *People v. Swazo,* 191 Colo. 425, 553 P.2d 782 (1976), we held that "[t]he requirement of court consent implies a real application of discretion." 191 Colo. at 427, 553 P.2d 782. In exercising its discretion in deciding whether to permit a direct filing of an information, the district court is required to balance the right of the district attorney to prosecute criminal cases against the need to protect the accused from discrimination and oppression. *Falgout v. People,* 170 Colo. 32, 459 P.2d 572 (1969). The trial court properly applied the standard to the facts of this case. The trial judge found that the actions of the district attorney in first appealing the county court decision unsuccessfully and then attempting to file a direct information had become "oppressive." The judge stated: "I certainly believe that Mr. Eisner [defense counsel] and Judge Bockman were correct in characterizing this as consecutive bites of the apple." We agree. There is nothing in the record of this case which establishes any abuse of discretion by the district court. *People v. Elmore,* 652 P.2d 571 (Colo.1982).

◼ We have elected to resolve this appeal on its merits. However, we wish to emphasize that under the *Colorado Rules of Criminal Procedure* and our decisions interpreting them, the prosecution has one of two remedies available to it when a case is dismissed in the county court. If the case is dismissed before a preliminary hearing is held, the People may appeal the order of dismissal to the district court. *Chavez v. District Court, supra.* Our decision in *Cha-*

*vez* was limited to those cases in which Crim.P. 7(c) does not authorize the filing of a direct information in the district court. If the county court dismisses a charge after holding a preliminary hearing under Crim.P. 5(a)(4), the exclusive remedy available to the prosecution is to request leave to file a direct information in the district court. If the district court denies the request, its decision may be appealed. *See People v. Elmore, supra.*

The judgment of the district court is affirmed.