The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Tony L. ANDERSON,
Defendant-Appellee.

No. 81SA173.

Supreme Court of Colorado,
En Banc.

Feb. 28, 1983.

Rehearing Denied March 28, 1983.

Robert L. Russel, Dist. Atty., Richard K. Rediger, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellee.

HODGES, Chief Justice.

The People appeal a judgment of dismissal of burglary charges against defendant Anderson. We affirm.

On the date set for a preliminary hearing before a division of the district court presided over by Judge Gallagher, the district attorney indicated he was not ready to proceed because of the non-appearance of an essential witness.

A continuance was requested and during the consideration of this request, the district attorney made statements to the court indicating uncertainty about whether the witness was under subpoena. Apparently, after making an inquiry, the district attorney advised the court that he had now been informed that subpoenas had been sent out six days before the preliminary hearing and that the essential witness had not been served because she had left town on a vacation. The court was also informed that this witness had left town a few days before the date of the preliminary hearing and that the witness apparently had not been previously notified that she would be needed at a preliminary hearing.

With reference to the absence of a police officer who "took the information directly" from the owners of property allegedly stolen, the district attorney advised the court "I have no reason for that." The defendant objected to the People's motion for a contin-

uance. The court then denied the motion and entered a judgment of dismissal. The court stated "I am going to dismiss it [the information] because I think it is the obligation of the prosecution to get witnesses." It is obvious from the sparse record that the district attorney had failed to make even minimum arrangements or preparation for this preliminary hearing which had been set several weeks previously. On this basis there was ample reason for the court to dismiss the charges.

Rather than appeal the judgment of dismissal, which is the proper way to proceed in such a case, the district attorney filed the same information later on the same day in another division of the district court. There is no indication in this record that the district judge who consented to this filing was informed that the same case had just been dismissed by District Judge Gallagher. Accordingly, that district judge could not properly exercise his discretion in approving the filing of the second information as required by *People v. Elmore,* 652 P.2d 571 (Colo.1982) and *People v. Swazo,* 191 Colo. 425, 553 P.2d 782 (1976). Because of the refiling the defendant was not discharged from custody as ordered by Judge Gallagher.·

Approximately three weeks later Judge Baker presiding in another division of the district court, again dismissed the charges after a hearing on the defendant's motion to dismiss. It is this judgment of dismissal that the People appeal.

There is no showing whatsoever in this record that the second filing was supported by new or additional evidence as required by Crim.P. 7(h)(5). This method of proceeding by the district attorney is totally inappropriate and is not condoned. Consistent with our decision in *Chavez v. District Court,* 648 P.2d 658 (Colo.1982), the exclusive remedy in a case which is dismissed by the district court at the preliminary hearing stage because of the denial of the People's motion for a continuance, is an appeal to the appropriate appellate court. *See also People v. Freiman,* 657 P.2d 452 (Colo.1983).

The district attorney misses the point in claiming that Judge Baker erred in dismissing these charges. There is no support for a reversal of that judgment.

The judgment of the trial court is affirmed.

ROVIRA, J., does not participate.