James HOLMES and Travis Kellner, Petitioners,

v.

The DISTRICT COURT OF SUMMIT COUNTY, Colorado in the Fifth Judicial District, and The Honorable Richard H. Hart, one of the Judges thereof, Respondents.

No. 83SA221.

Supreme Court of Colorado, En Banc.

Aug. 29, 1983.

Law Offices of Victor L. Abbo, Relda Fleshman, Boulder, Emerson B. Semple, Denver, for petitioners.

John F. Healy, Dist. Atty., Mark M. Myers, Deputy Dist. Atty., Breckenridge, for respondents.

NEIGHBORS, Justice.

This is an original proceeding filed pursuant to C.A.R. 21. The petitioners seek to prohibit the respondent district court from proceeding against them in two criminal cases which were commenced after the court granted the district attorney's request to file direct informations. The informations charge the petitioners with the identical crimes that were dismissed by the county court for lack of probable cause following a preliminary hearing. We issued a rule to show cause and now make the rule absolute.

I.

The petitioners, James Holmes (Holmes) and Travis Kellner (Kellner), were charged by felony complaints filed in the Summit County Court with distribution of a schedule II controlled substance [1] and conspiracy to distribute a schedule II controlled substance.[2] According to the sparse record before us, the charges arose out of the alleged sale of cocaine by Kellner to a police informant at a bar in Breckenridge, Colorado.

A preliminary hearing was held in the county court on March 16, 1983. Detective Al Kiburas was the only witness called by the prosecution. Apparently, Detective Kiburas testified about what he personally observed during the transaction and subsequent events. He also testified as to statements made to him by the informant, David Gagne, who was present in the courtroom but did not testify. At the conclusion of the preliminary hearing, the county judge found no probable cause on both counts against Holmes and dismissed the charges. The county court also found no probable cause on the conspiracy charge against Kellner, but bound him over to the district

court for trial on the crime of distribution of a schedule II controlled substance.

On March 18, 1983, the date set for Kellner's arraignment in the district court, the district attorney requested leave to file a direct information charging the petitioners with the identical charges that had been dismissed by the county court. The district attorney informed the court that the original charges had been dismissed by the county court because no probable cause was found. The prosecutor told the respondent judge that he made a tactical decision not to call the informant as a witness at the preliminary hearing. He stated that there would be new and additional evidence for a district court preliminary hearing because Gagne would provide direct evidence concerning the alleged crimes, rather than the hearsay testimony which had been presented by Detective Kiburas.

The respondent judge granted the district attorney's request for leave to file direct informations against the petitioners. The petitioners then filed a motion to dismiss the informations. In denying the petitioners' motion to dismiss, the respondent judge stated:

"I nonetheless think that since the District Attorney has indicated that there is additional evidence, that it is in the nature of direct evidence rather than hearsay evidence, that I don't think I was erroneous in permitting the direct bindover, and having reconsidered, I am not going to dismiss the charges on the basis that I properly accepted."

After the motion was denied, the petitioners filed this original proceeding.

II.

█ When the county court dismisses a felony complaint after holding a preliminary hearing pursuant to Crim.P. 5(a)(4)(IV), the sole remedy available to the prosecution is requesting permission of the district court to file a direct information in

1. Section 18–18–105(2)(a), C.R.S.1973 (1982 Supp. to 1978 Repl.Vol. 8), and section 12–22–310, C.R.S.1973 (1982 Supp. to 1978 Repl.Vol. 5).

2. Section 18–2–201, C.R.S.1973 (1978 Repl.Vol. 8).

accordance with Crim.P. 7(c)(2).[3] Crim.P. 5(a)(4)(V) states that "[d]ismissal of a felony complaint following a preliminary hearing shall not be a bar to a subsequent filing of a direct information in the district court charging the defendant with the same offense." *See People v. Burggraf,* 36 Colo. App. 137, 536 P.2d 48 (1975). Therefore, under Crim.P. 7(c)(2), the district attorney, with the consent of the court, may file a direct information in the district court if a preliminary hearing was held on the same charge in the county court and the accused was discharged. The issue presented here is whether the respondent judge abused his discretion in permitting the direct filing based on the prosecuting attorney's statements that he would present new or additional evidence in the form of direct rather than hearsay testimony. *See People v. Elmore,* 652 P.2d 571 (Colo.1982).

### A.

The requirement of court consent prescribed by Crim.P. 7(c)(2) "implies a real application of discretion." *People v. Swazo,* 191 Colo. 425, 427, 553 P.2d 782 (1976). Before the district court may properly exercise its discretion, there must be a sufficient evidentiary disclosure by the prosecution to apprise the district court of the earlier dismissal of the identical charges in the county court and the reasons for the requested re-filing. When exercising its discretion in deciding whether to permit the direct filing of an information under Crim.P. 7(c)(2), the district court is required to balance the right of the district attorney to prosecute criminal cases against the need to protect the accused from discrimination and oppression. *People v. Freiman,* 657 P.2d 452 (Colo.1983).

The respondent judge premised his decision to allow the direct filings on the ground that direct rather than hearsay evidence constitutes new or additional evidence. The focus of the parties' briefs is also directed to the new or additional evidence theory. However, we note that Crim.P. 7(c)(2) does not require a showing of new or additional evidence. The new or additional evidence requirement is found in Crim.P. 7(h)(5) which states that the "granting of such a motion [for dismissal] shall not be a bar to further prosecution of the accused person for the same offense if new or additional evidence is found by the prosecution." This provision applies only to preliminary hearings held in the district court. *See People v. Anderson,* 659 P.2d 1385 (Colo.1983). Crim.P. 7(c)(2) contains no requirement that the district attorney establish that there now exists new or additional evidence to support the direct filing of an information. The existence of such evidence is only one factor the district court may consider in exercising its discretion to determine whether to allow the direct filing.

### B.

In applying these principles to the facts of this case, we hold that the respondent judge abused his discretion in permitting the filing of the direct informations. The only argument made by the district attorney was that he would produce direct rather than hearsay evidence at the preliminary hearing held in the district court. The district attorney did not specifically advise the respondent judge of any facts to which the informant would testify that had not already been the subject of hearsay testimony by Detective Kiburas in the county court. Nor did the district attorney specify how the county court may have erred legally or factually in not finding the existence of probable cause on the three charges it dismissed. Moreover, the informant was available in the courtroom during the preliminary hearing held by the county judge. The district attorney candidly admits he made a tactical decision not to call the

---

**3.** Crim.P. 7(c)(2) provides:

"(c) *Direct Information.* The prosecuting attorney, with the consent of the court having trial jurisdiction, may file a direct information if:

. . . .

"(2) A preliminary hearing was held in the county court and the accused person was discharged. . . ."

informant and subject him to cross-examination. The People, rather than the petitioners, must bear the burden of that decision.

■ A preliminary hearing provides the accused with an opportunity to challenge the sufficiency of the People's evidence at an early stage in the proceedings. *People ex rel. Farina v. District Court,* 185 Colo. 118, 522 P.2d 589 (1974). The preliminary hearing is designed to weed out groundless or unsupported charges and to relieve the accused of the degradation and expense of a criminal trial. *Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975); *People v. Superior Court of Marin County,* 33 Cal.3d 754, 661 P.2d 1081, 191 Cal.Rptr. 1 (1983). At the preliminary hearing, the prosecution has the burden of producing that quantum of evidence necessary to establish probable cause to believe that a crime was committed and that it was committed by the defendant. *Hunter v. District Court,* 190 Colo. 48, 543 P.2d 1265 (1975); *Maestas v. District Court, supra; People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973). The effect of allowing a direct filing in a case where the district attorney states that he will offer direct rather than hearsay testimony would constitute approval of the undesirable practice of presenting as little evidence as possible at the preliminary hearing in the county court and then requesting district court consent for a direct filing if no probable cause is found by the county court.[4] This duplicative procedure unnecessarily taxes already strained judicial resources and subjects the accused to oppression and discrimination. *People v. Freiman, supra.* If the People may file a direct information in the district court simply because they made a tactical error at the preliminary hearing in the county court, there is little incentive to comply with the requirements governing preliminary hearings set forth in the Rules of Criminal Procedure and interpreted in case law.[5] *See Chavez v. District Court,* 648 P.2d 658 (Colo.1982). Accordingly, the petitioners may not be prosecuted on the direct informations filed in Case Nos. 83CR15 and 83CR16 filed in the District Court of Summit County.

The rule is made absolute.

ROVIRA, J., dissents.

ROVIRA, Justice, dissenting:

The rationale for the court's opinion is its conclusion that to allow a district judge to permit the filing of a direct information, when the district attorney states he will offer direct rather than hearsay testimony, would "constitute approval of the undesirable practice of presenting as little evidence as possible at the preliminary hearing in the county court and then requesting district court consent for a direct filing if no probable cause is found by the county court." Maj. op. 15.

The majority implies that the district attorney of the Fifth Judicial District engaged in the "undesirable practice" which it condemns. I disagree. The prosecution generally is not required to produce all of its evidence against the defendant at the preliminary hearing, only "that quantum necessary to establish probable cause" that a crime was committed and that the defendant committed it. *Hunter v. District Court,* 190 Colo. 48, 543 P.2d 1265 (1975); *People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973). The preliminary hearing is primarily a screening device and should not be transformed into something resembling a "mini-trial." While the prosecution's decision to withhold the direct testimony of its informant at the county court hearing may have been a tactical error, it was also a perfectly legitimate practice and in no way amounts to the presentation of "as little evidence as possible at the preliminary hearing in the county court." Maj. op.

---

4. The respondent judge stated: "Well, one thing, of course, in a preliminary hearing the People normally try to present as little evidence as possible but still get across the threshold."

5. *See, e.g., McDonald v. District Court,* 195 Colo. 159, 576 P.2d 169 (1978); *Maestas v. District Court, supra; Kuypers v. District Court,* 188 Colo. 332, 534 P.2d 1204 (1975); and cases cited in this opinion.

15. *See People v. Quinn, supra* (hearsay evidence may well be bulk of the evidence at the preliminary hearing).

On the issue of whether the prosecution could file a direct information in the district court, I believe that the offer by the district attorney to put in evidence *direct* rather than hearsay testimony warranted the conclusion by the trial court, in the exercise of its discretion, that a direct information could be filed. The district attorney acted promptly, filing the direct information within two days of the county court hearing. At the request of the trial court, he made an offer of proof outlining the direct testimony that the informant would present. After weighing the offer of proof, the trial court consented to and permitted the direct filing. *See People v. Swazo,* 191 Colo. 425, 553 P.2d 782 (1976); *People v. Freiman,* 657 P.2d 452 (Colo.1983).

It is not outside the realm of possibility that the trial court, upon hearing direct rather than hearsay testimony about the alleged drug sale, would determine that probable cause existed. The trial court obviously wanted to hear the informant's testimony. In denying the defendants' motion to dismiss the informations, it indicated that the direct testimony could be considered "additional evidence." Maj. op. 14. There is nothing in the record to suggest that the conclusion of the trial court was anything other than a proper exercise of discretion under Crim.P. 7(c)(2). Judicial discretion is the responsible exercise of power and contemplates the application of statutes, rules, and legal principles to the facts of a case. Abuse of discretion suggests that such power has been exercised arbitrarily and capriciously, and without consideration for the rights of the litigants.

I do not believe that the trial court abused its discretion. Crim.P. 7(c)(2) is permissive and vests in the trial court considerable latitude as to whether a direct information may be filed. It is axiomatic that a ruling by the trial court in an area where it has discretionary power will not be disturbed on review unless it be clearly shown that there was an abuse of such discretionary power. *See, e.g., People v. Elmore,* 652 P.2d 571 (Colo.1982); *Smith v. Smith,* 172 Colo. 516, 474 P.2d 619 (1970). No such showing has been made here. I would not overturn the decision of a trial judge under the rubric of abuse of discretion without something more than mere speculation as to what district attorneys may do.

Dismissal of serious criminal charges is not favored and is not warranted under the facts of this case. *See People v. Swazo, supra.* I would discharge the rule.