**Karen BORG, Petitioner,**

v.

**The DISTRICT COURT OF the SECOND JUDICIAL DISTRICT, For the CITY AND COUNTY OF DENVER and James C. Flanigan and Paul A. Markson, Jr., District Judges In and For the City and County of Denver in the Second Judicial District of the State of Colorado, Respondents.**

**No. 83SA510.**

Supreme Court of Colorado,
En Banc.

Aug. 20, 1984.

James F. Macrum, Jr., Littleton, for petitioner.

---

Norman S. Early, Jr., Dist. Atty., Second Judicial Dist., Michael J. Little, Chief Deputy Dist. Atty.; Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Denver, for respondents.

DUBOFSKY, Justice.

In this original proceeding under C.A.R. 21, we issued a rule to show cause why the respondent district court's order, permitting the filing of a direct information charging the defendant Karen E. Borg with criminally negligent homicide under section 18-3-105, 8 C.R.S. (1983 Supp.), should not be vacated and the case dismissed.[1] We now make the rule absolute.

On August 25, 1983, a dry, clear day, the defendant drove her automobile through a red light, striking and killing Fatimah Hussin, a pedestrian. The People charged the defendant with criminally negligent homicide. On November 4, 1983, at the preliminary hearing in Denver County Court, a witness who was a passenger in the defendant's car testified that the defendant had been driving between 35 to 40 miles per hour and did not see the red light until it was too late to avoid entering the intersection. According to the passenger, the defendant sped up about three miles per hour upon realizing that she was about to enter the intersection against the light. The passenger testified that although he had seen the pedestrian and, grabbing the steering wheel, had tried to turn the automobile into another lane, the defendant never saw the pedestrian before striking her. A police traffic investigator testified that he had determined from the skid marks at the accident scene that the defendant had been traveling at 36.8 miles per hour. The investigator also testified that the speed limit at the intersection was 30 miles per hour.

The county court dismissed the charge against the defendant, holding that the People had not established probable cause to believe that the defendant committed criminally negligent homicide. Proceeding under Crim.P. 7(c)(2), the People moved the Denver District Court for permission to file a direct information in district court charging the defendant with criminally negligent homicide. On December 9, 1983, the presiding district court judge for the criminal division granted the People's *ex parte* motion. On December 16, 1983, the defendant requested the district court judge to whom the case had been assigned to dismiss the charges, alleging that the People had failed to provide reasons for refiling as required by *Holmes v. District Court*, 668 P.2d 11 (Colo.1983). The second district court judge denied the defendant's motion to dismiss, and the defendant sought relief in this court under C.A.R. 21.

Crim.P. 7(c)(2) provides that "[t]he prosecuting attorney, with the consent of the court having trial jurisdiction, may file a direct information if ... [a] preliminary hearing was held in the county court and the accused person was discharged." In *Holmes v. District Court*, 668 P.2d 11 (Colo.1983), this court addressed the scope of a district court's discretion under Crim.P. 7(c)(2). We stated:

> The requirement of court consent prescribed by Crim.P. 7(c)(2) "implies a real application of discretion." *People v. Swazo*, 191 Colo. 425, 427, 553 P.2d 782 (1976). Before the district court may properly exercise its discretion, *there must be a sufficient evidentiary disclosure by the prosecution to apprise the district court of the earlier dismissal of the identical charges in the county court and the reasons for the requested re-filing.* When exercising its discretion in deciding whether to permit the direct

---

**1.** Under 18-3-105, 8 C.R.S. (1983 Supp.):

Any who causes the death of another person by conduct amounting to criminal negligence commits criminally negligent homicide which is a class 1 misdemeanor. Section 18-1-501(3), 8 C.R.S. (1978) defines "criminal negligence" as follows:

A person acts with criminal negligence when, through a gross deviation from the standard of care that a reasonable person would exercise, he fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists.

filing of an information under Crim.P. 7(c)(2), the district court is required to balance the right of the district attorney to prosecute criminal cases against the need to protect the accused from discrimination and oppression. *People v. Freiman*, 657 P.2d 452 (Colo.1983).

*Id.* at 14 (emphasis added).

The People failed in this case to make a "sufficient evidentiary disclosure" to establish the reasons for re-filing as required by *Holmes.* The People's Crim.P. 7(c)(2) motion contained a statement that the district court had jurisdiction; a summary of Crim.P. 7(c)(2); and a summary of the facts of this case, including the date of the preliminary hearing. The People did not allege that the county court erred in its finding of no probable cause.

The People's motion did not describe the testimony before the county court in detail sufficient for the district court to decide on an informed basis whether the county court's determination was correct. The People did not submit a transcript of the county court proceeding with its motion. Rather, the motion asserted that the passenger gave a statement at the preliminary hearing consistent with a statement attached to the motion. The attached statement, dated September 1983, included the following facts: "Karen [the defendant] mentioned the [light] was red and because by this time we were close to the intersection she made the decision to run the [light]." The People's motion therefore implied that the passenger had testified at the preliminary hearing that the defendant made a conscious choice to run the light. In contrast, the passenger testified at the preliminary hearing as follows:

> I was going to say something to Karen, but, just as I was going to say that, she interrupted me by saying, "Oh, my God, the light's red!" At that point there was really nothing she could do but go through the intersection, and she didn't see the girl.

Given the difference between the passenger's statement which was before the district court and the passenger's preliminary hearing testimony which was not, coupled with the lack of identification of the county court's alleged error, the motion provided an inadequate basis for *ex parte* exercise of the district court's discretion. We conclude, therefore, that under *Holmes v. District Court*, 668 P.2d 11 (Colo.1983), it was an error of law for the district court to grant the motion. Accordingly, we remand this case and direct that the district court dismiss without prejudice the charge filed against the defendant.

The rule is made absolute.

LOHR, J., dissents, and ROVIRA, J., joins in the dissent.

LOHR, Justice, dissenting.

The majority holds that the district court erred by permitting the district attorney to file a direct criminal information charging the defendant, Karen E. Borg, with criminally negligent homicide. I respectfully dissent.

Initially, the defendant was charged by complaint in county court. After a preliminary hearing, the county court found that the People had not established probable cause to believe that the defendant committed the crime of criminally negligent homicide, and dismissed the complaint. The prosecution then filed a motion in district court seeking permission to file a direct information charging Borg with this same offense. The district court granted the motion *ex parte.* The defendant moved to dismiss, contending that the district court had abused its discretion in permitting the information to be filed because the prosecution had not stated reasons for the requested refiling, as required by *Holmes v. District Court*, 668 P.2d 11 (Colo.1983). The district court denied the motion, and the defendant now seeks relief in this original proceeding.

In *Holmes*, we held that when a county court dismisses a felony complaint after a preliminary hearing the prosecution's sole remedy is to seek permission of the district court to file a direct information. *See* Crim.P. 5(a)(4)(V). The same exclusive

remedy pertains when the complaint charges a class one misdemeanor, such as criminally negligent homicide, rather than a felony. *See* Crim.P. 5(c)(4).

Crim.P. 7(c) provides that, when an accused person is discharged after a preliminary hearing in county court, the prosecuting attorney may file a direct information "with the consent of the court having trial jurisdiction." Here, that court is the district court. Crim.P. 5(c)(4). The requirement of consent implies a real application of discretion. *Holmes; People v. Swazo*, 191 Colo. 425, 553 P.2d 782 (1976). In order to provide a proper basis for exercise of that discretion, "there must be a sufficient evidentiary disclosure by the prosecution to apprise the district court of the earlier dismissal of the identical charges in the county court and the reasons for the requested re-filing." *Holmes*, 668 P.2d at 14. One reason supportive of an application to file a direct information is that the county court erred legally or factually in its ruling that no probable cause existed to believe that the defendant committed the crime charged. *See Holmes*, 668 P.2d at 14.

In the present case, the district attorney filed a written motion in district court alleging that evidence was presented at the preliminary hearing in county court to establish:

  (a) That the crime of Criminally Negligent Homicide occurred within the City and County of Denver, State of Colorado on or about the 25th day of August, 1983, at 12:45 P.M.;

  (b) That Fatimah Hussin was walking in an unmarked crosswalk with the green light in her favor when she was struck and killed by an automobile;

  (c) That the automobile that struck the victim was driven by Karen E. Borg, the defendant herein;

  (d) That the automobile driven by Karen E. Borg entered and passed through the intersection against a red light and at a speed of approximately 35 MPH;

  (e) That it was a clear, dry, warm day;

  (f) That the victim in the crosswalk was struck and carried by the defendant's automobile and was killed;

  (g) That the passenger in the defendant Borg's automobile gave a statement at the Preliminary Hearing consistent with his attached statement.

The attached five-page, handwritten statement recounts in detail the observations of the passenger in the defendant's car during the time immediately preceding the fatal accident.[1]

Implicit in the district attorney's motion is the contention that the county court erred in ruling that the evidence did not establish probable cause to believe that the defendant committed the crime of criminally negligent homicide. *See* § 18–3–105, 8 C.R.S. (1983 Supp.).[2] In holding that the People did not allege that the county court erred in its finding of no probable cause, the majority does not give proper scope to the obvious import of the People's motion.

The majority also concludes that the People's motion did not accurately summarize the testimony before the county court with respect to the reason that the defendant entered the intersection against a red light. The majority opinion attaches importance to that perceived discrepancy in holding that the trial court erred in permitting the

---

**1.** The passenger's statement relates, among other things:

    Karen [Borg] didn't see the girl. I don't know why she didn't see her. She was clearly visible to me. I was looking straight ahead.

**2.** Section 18–3–105, 8 C.R.S. (1983 Supp.) provides:

    Any person who causes the death of another person by conduct amounting to criminal negligence commits criminally negligent homicide which is a class 1 misdemeanor. Criminal negligence is defined in section 18–1–501(3), 8 C.R.S. (1978), as follows:

    A person acts with criminal negligence when, through a gross deviation from the standard of care that a reasonable person would exercise, he fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists.

information to be filed. I cannot agree that the facts asserted in the affidavit supporting the People's motion were significantly at variance with the preliminary hearing testimony. A comparison of the passenger's statements supplied to the district court and the testimony of that same witness at the preliminary hearing—both quoted in pertinent part in the majority opinion—reflects no important difference between them. They both state, in summary, that the defendant saw the red light too late to stop before entering the intersection.

The district attorney's motion, with its supporting statement by the passenger, contains a factual showing sufficient to permit the district court to conclude that probable cause existed, that probable cause had been established in county court, and that the criminally negligent homicide charge had been erroneously dismissed. Under the guidelines in *Holmes*, the trial judge had the discretion to accept the direct information for filing. I would discharge the rule.

I am authorized to say that ROVIRA, J., joins in this dissent.