The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Samuel Edward SABELL, Defendant-
Appellee.

No. 84SA105.

Supreme Court of Colorado,
En Banc.

Oct. 21, 1985.

James F. Smith, Dist. Atty., Seventeenth Judicial Dist., Steven L. Bernard, Chief Trial Deputy Dist. Atty., Emil A. Rinaldi, Deputy Dist. Atty., Brighton, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Saskia A. Stephenson, Deputy State Public Defender, Brighton, for defendant-appellee.

DUBOFSKY, Justice.

The People of the State of Colorado appeal the denial by the Adams County District Court of their motion to file a direct information under Crim.P. 7(c)(2). The district court, in denying a direct filing, in effect upheld a ruling by the county court that the People had failed to show probable cause at the preliminary hearing that the defendant, Samuel Edward Sabell, had committed assault in the second degree, § 18–3–203(1)(b), 8 C.R.S. (1973).[1] We reverse.

At the preliminary hearing in county court, the prosecutor requested a continuance because the complaining witness was not present. Two hours earlier, the witness had called the district attorney's victim/witness office in Brighton to say that she needed a ride to court. Because of adverse road conditions from a snowstorm and the distance to the victim's residence in Denver, the office did not arrange transportation.

When the court refused to find that the witness was unavailable and denied the People's motion for a continuance of the preliminary hearing,[2] the prosecutor elected to proceed with the testimony of an investigator with the Adams County Sheriff's Department.[3] The investigator testified that on July 28, 1983, in response to a reported shooting at a residence in unincorporated Adams County, he drove to Northglenn, where the suspect's van had been located. The defendant, who had shot himself in an apparent suicide attempt, was sitting in the driver's seat of the van. After the defendant was taken to the hospital, the investigator recovered a revolver and a bullet from the floor of the van.

The investigator then went to the scene of the reported shooting. There the complaining witness told him that about two

---

1. Section 18–3–203 provides in part:
   (1) A person commits the crime of assault in the second degree if:
   ....
   (b) With intent to cause bodily injury to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon.
   The defendant was also charged under section 16–11–309, 8 C.R.S. (1984 Supp.), Mandatory Sentence for Violent Crimes, which governs crimes "in which the defendant used, or possessed and threatened the use of, a deadly weapon."

2. After noting that the defendant's parents had brought him in a wheelchair to the hearing, the county judge ruled:

   Well, I am not going to find that [the complaining witness] is unavailable. ... You have staff investigators, the sheriff's department to get her here. I don't buy it from the defendants when they call me and say there is some snow and they don't want to be here.... That's what I have been getting all morning from our entire docket. "It's snowing; I can't come."

3. The prosecutor in this case had a choice either to appeal, without producing any evidence, the denial of a continuance or to produce enough evidence to sustain a finding of probable cause. See People v. Anderson, 659 P.2d 1385, 1386 (Colo.1983); People v. Freiman, 657 P.2d 452, 454 (Colo.1983); Chavez v. District Court, 648 P.2d 658 (Colo.1982); People v. Driscoll, 200 Colo. 410, 615 P.2d 696 (1980).

hours after she had refused the defendant's offer of reconciliation and asked him to leave, he returned in his van and shot a revolver into the residence, singeing the hair of her four-year-old son. The investigator inspected the bullet holes in the residence and determined from powder burns that the holes were fresh. Subsequently, when the investigator interviewed the defendant at the hospital about the assault, the defendant stated that he could only remember shooting himself. According to the investigator, the defendant also blurted out words to the effect, "I should have left her alone."

The county court found that the investigator's testimony did not show probable cause that the defendant had committed the crime charged and dismissed the case against him. The prosecutor then sought to file the same charge by direct information in Adams County District Court. The district court denied the motion for a direct filing, relying on *Holmes v. District Court,* 668 P.2d 11 (Colo.1983).

■ A county court's dismissal of a felony complaint for lack of probable cause is not a bar to filing a direct information charging the same offense in district court. Crim.P. 5(a)(4)(IV), (V).[4] Filing a direct information after dismissal in a county court under Crim.P. 7(c)(2),[5] however, requires the district court's consent, which "implies a real application of discretion." *People v. Swazo,* 191 Colo. 425, 427, 553 P.2d 782, 783 (1976). This court will not overrule the district court unless its ruling was an abuse of discretion. *See Holmes,* 668 P.2d at 14; *People v. Elmore,* 652 P.2d 571, 572 (Colo.1982). Here, we determine that the district court abused its discretion in refusing to permit a direct filing.

■ The purpose of a preliminary hearing is to determine if there is probable cause to believe that the defendant committed the crime charged. *People v. District Court,* 186 Colo. 136, 138, 526 P.2d 289, 290 (1974). Evidence to support a conviction is not required. *Id.* at 139, 526 P.2d at 290. The evidence required, however, must be "sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief that the defendant may have committed the crimes charged." *People v. Holder,* 658 P.2d 870, 871 (Colo.1983), quoting *People v. Treat,* 193 Colo. 570, 574, 568 P.2d 473, 474–75 (1977). Although the prosecutor may not rely totally on hearsay if competent evidence is readily available, the bulk of the case may be hearsay. *Hunter v. District Court,* 190 Colo. 48, 51, 543 P.2d 1265, 1267 (1975). *See People v. Quinn,* 183 Colo. 245, 516 P.2d 420, 422 (1973). At the preliminary hearing, the trial court must draw all reasonable inferences favorable to the prosecution. *Holder,* 658 P.2d at 871–72. *See Treat,* 193 Colo. at 573–74, 568 P.2d at 478.

■ Although the bulk of the prosecution's evidence in this case was hearsay, the testimony about the fresh bullet holes and the recovery of a revolver from the defendant's van was direct evidence. The defendant's statement, "I should have left her alone," is not hearsay. CRE 801(d)(2). *See also McCormick on Evidence,* § 262, at 775 (3d ed. 1984). While open to more than one interpretation, the defendant's statement is not ambiguous if all reasonable inferences are drawn in favor of the prosecution. The evidence before the coun-

**4.** Crim.P. 5(a)(4)(IV) provides:

> If from the evidence it appears to the county judge that there is not probable cause to believe that the offense has been committed by the defendant, the county judge shall dismiss the complaint and discharge the defendant.

Crim.P. 5(a)(4)(V) provides:

> Dismissal of a felony complaint following a preliminary hearing shall not be a bar to a subsequent filing of a direct information in

the district court charging the defendant with the same offense.

**5.** Crim.P. 7(c) provides:

> The prosecuting attorney, with the consent of the court having trial jurisdiction, may file a direct information if:
>
> . . . .
>
> (2) A preliminary hearing was held in the county court and the accused person was discharged.

ty court was sufficient to establish probable cause. This is one factor the district court may consider in exercising its discretion to determine whether to allow the direct filing. *See Holmes*, 668 P.2d at 14–15.

In order to allow the district court to exercise its discretion, the prosecutor must disclose that the case has been dismissed in county court and give reasons for the requested refiling. *Borg v. District Court*, 686 P.2d 781, 783 (Colo.1984), quoting *Holmes*, 668 P.2d at 14. *See also People v. Freiman*, 657 P.2d 452 (Colo.1983). The court must balance the right of the district attorney to prosecute against the right of the defendant to be free from oppressive refiling. *Borg*, 686 P.2d at 782–83; *Freiman*, 657 P.2d at 453; *Elmore*, 652 P.2d at 572. Here, the prosecutor indicated to the court that the case had been dismissed and stated that the county court should have granted a continuance because of the witness' inability to attend the preliminary hearing. The People did not act in an oppressive fashion by first appealing the county court decision unsuccessfully and then seeking a direct filing. *Cf. Freiman*, 657 P.2d at 453 (appeal of county court dismissal and appeal of refusal to allow a direct filing is taking too many "bites of the apple"). The weather inhibited the prosecutor's initial efforts to produce the witness, and the prosecutor pursued a direct filing in a timely manner. The prosecutor's offer to present the complaining witness' testimony is another factor for the district court's consideration in determining whether to allow a direct filing.

The district court based its refusal to allow the direct filing on *Holmes*, 668 P.2d 11; however, *Holmes*, in which this court reversed a district court's decision to allow a direct filing when the prosecutor presented only hearsay evidence of a drug sale, is inapposite. In *Holmes*, in order to protect the informant's identity, the prosecutor made a tactical decision to produce a police officer's testimony about his observations of a drug sale to a police informant and not the testimony of the informant. *Id.* at 13.

*Cf. Anderson*, 659 P.2d 1385 (dismissal affirmed after prosecutor fails to produce either of two witnesses). There is no evidence in the record of this case to indicate that the People's failure to produce the complaining witness involved a tactical decision.

Given the factors that the prosecutor presented sufficient evidence to support a finding of probable cause, that there is no evidence that the prosecutor was withholding evidence as a tactic, and that the complaining witness could have provided additional evidence concerning the shooting, the assailant's identity, and the child's injury, the district court's refusal to allow a direct filing was an abuse of discretion.

Judgment reversed and case remanded to the district court for reinstatement of the charge.