COLORADO CRANE & HAULING, INC., d/b/a Duffy Crane & Hauling, Inc., Plaintiff–Appellant,

v.

ROBERT E. McKEE, INC., and Safeco Insurance Company, Defendants–Appellees.

No 86CA1733.

Colorado Court of Appeals, Div. I.

Aug. 25, 1988.

William C. Danks, Denver, for plaintiff-appellant.

Grant, McHendrie, Haines and Crouse, Walter J. Downing, Denver, for defendants-appellees.

STERNBERG, Judge.

Plaintiff, Colorado Crane & Hauling, Inc., appeals the judgment holding that defendants, Robert E. McKee, Inc. (McKee) and Safeco Insurance Co. (Safeco), were not liable to plaintiff for equipment rental charges. We affirm in part, reverse in part, and remand for further proceedings.

In 1984, the Arapahoe County Airport Authority entered into a contract with McKee for construction of an airport tower. McKee then obtained from Safeco a payment and performance bond. McKee subcontracted portions of the construction project to Hillcrest Glass. Hillcrest Glass, in turn, hired plaintiff to provide crane service during the installation of plate glass windows in the airport tower. When Hillcrest Glass failed to pay for plaintiff's services, plaintiff filed a claim and commenced the instant action pursuant to § 38–26–101, et seq., C.R.S. (1982 Repl.Vol. 16A).

On cross-motions for summary judgment, the trial court ruled that, while plaintiff was entitled to recover for the labor expended on the project, the plaintiff's claim for the cost of renting a crane was barred under this court's ruling in *CPS Distributors, Inc. v. Federal Insurance Co.*, 685 P.2d 783 (Colo.App.1984).

I.

In *CPS Distributors, Inc. v. Federal Insurance Co., supra,* the issue before the court was whether the costs of rental equipment were covered by a payment and performance bond issued on a public works contract. The bonding statute then in effect, § 38–26–106(2), C.R.S. (1982 Repl.Vol. 16A), required performance bonds in public works projects to provide that:

"if the contractor fails to duly pay for any labor, materials ... or other supplies used ... by such contractor or his subcontractor in performance of the work contracted to be done, the surety will pay the same...."

This court concluded that the cost of renting equipment did not constitute "labor, material or supplies used in performance of the contract," and therefore, such costs were not covered by the bond.

Following the decision in *CPS Distributors, Inc. v. Federal Insurance Co., supra,* the General Assembly amended the bonding statute to allow claims for the use of rented equipment. *See* § 38–26–105 through § 38–26–107, C.R.S. (1987 Cum Supp.); *cf.* § 38–26–105 through § 38–26–107, C.R.S. (1982 Repl.Vol. 16A).

On appeal, plaintiff argues the amendments to the bonding statute apply to its claim under the payment and performance bond, and therefore, the trial court erred in granting summary judgment for defendants. We disagree.

The extent of a surety's obligation on a public works bond is determined according to the terms of the statutes in effect at the time the bond was written. *CPS Distributors, Inc. v. Federal Insurance Co., supra.* Since Safeco issued the bond to McKee well before May 10, 1985, the effective date of the 1985 amendments to the statute, the amendments had no effect on Safeco's obligations under the bond. Plaintiff's claim under the bond was therefore governed by the bonding statutes in effect prior to the amendments. Thus, we conclude that plaintiff was not entitled

to recover under the bond for the cost of the rental equipment.

## II.

Plaintiff next contends that the amendment to § 38–26–107 allowing claims for rental equipment entitles plaintiff to proceed against McKee directly for the full amount of the claim. We agree.

Section 38–26–107, C.R.S. (1987 Cum. Supp.) provides suppliers to public works projects with a remedy independent of the remedies afforded under §§ 38–26–105 and 38–26–106. Under the amended version of § 38–26–107, if a party supplying labor or rental equipment to a public works project has not been paid by the contractor or subcontractor, the supplier may file a claim with the entity that awarded the contract. After the filing of such a claim, the public works owner is required to withhold from the contractor sufficient funds to insure payment of the supplier's claim. The supplier may then commence a civil action against the contractor for payment of the unpaid claim.

Since the amended version of § 38–26–107 went into effect before plaintiff entered into its contract with Hillcrest Glass, plaintiff was entitled to pursue its action against McKee for the unpaid charges. However, the record indicates that the trial court entered final judgment without having ruled on plaintiff's claim under § 38–26–107. We therefore remand so the trial court may consider plaintiff's motion for summary judgment on the § 38–26–107 claim.

Because of our disposition of this case, we need not consider plaintiff's remaining contentions.

The denial of plaintiff's claims under §§ 38–26–105 and 38–26–106, C.R.S. (1982 Repl.Vol. 16) and the 1985 amendments thereto is affirmed. The judgment in favor of McKee is reversed and the cause is remanded with directions that the trial court rule on plaintiff's claim under § 38–26–107, C.R.S. (1987 Cum.Supp.).

PIERCE and REED, JJ., concur.