**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Adam SCHLIESSER, Defendant–Appellant.**

**No. 88CA1652.**

Colorado Court of Appeals, Div. I.

May 10, 1990.

Rehearing Denied June 14, 1990.

Certiorari Denied Oct. 22, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Douglas J. Friednash, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Lindasue Smollen, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Adam Schliesser, appeals the judgment of conviction entered upon a jury verdict finding him guilty of second degree burglary and second degree trespass. We affirm.

Defendant was arrested on December 23, 1987, and charged by criminal complaint filed in the county court with one felony and two misdemeanor counts on January 5, 1988. On January 6, a preliminary hearing on the felony count was set for February 18, 1988.

It appears from the record that defendant received notice of the setting well prior to February 18; however, there is no

indication in the record that defendant objected to that setting prior to the scheduled date as being violative of the 30–day requirement of Crim.P. 5(a)(4)(I). Instead, defendant waited until the conclusion of the People's direct examination of its witness at the February 18 hearing to object to the date of the hearing and to move for dismissal of the felony count.

The county court granted defendant's motion to dismiss over the objection of the People. The People requested, and were granted, leave to refile. The record indicates that the defendant did not contemporaneously object to the court's granting of leave to refile the felony count.

An identical count was subsequently refiled in the county court on February 26, 1988. Defendant then moved to dismiss the refiled felony count on grounds that the prosecution failed to appeal the dismissal of the original count to the district court. The county court denied the motion and a preliminary hearing on the refiled count was held within the 30 days after its refiling. Defendant again raised his motion to dismiss the felony count at that time. The court denied the motion and, finding probable cause, bound defendant over for trial in the district court. Defendant renewed his motion to dismiss throughout the district court proceedings.

Defendant contends the district court erred in failing to dismiss the refiled felony count. We disagree.

Crim.P. 5(a)(4)(I) provides that:

"Within 10 days after the defendant is brought before the county court, either the prosecuting attorney or the defendant may file a written motion for a preliminary hearing. Upon the filing of such a motion, the judge forthwith shall set the hearing. The hearing shall be held within 30 days of the date of the setting, unless good cause for continuing the hearing beyond that time be shown to the court."

If a charge is dismissed by the county court before a preliminary hearing is held, the People may appeal the order of dismissal to the district court. *Chavez v. District Court*, 648 P.2d 658 (Colo.1982).

However, if the county court dismisses a charge for lack of probable cause after holding a preliminary hearing, the exclusive remedy available to the prosecution is to request leave to file a direct information in the district court. *People v. Freiman*, 657 P.2d 452 (Colo.1983).

Here, since defendant failed to object in a timely manner to the setting of the original preliminary hearing beyond the 30 days specified by the rule, we conclude that defendant waived any objections to the late setting of a new preliminary hearing. *See People v. Thompson*, 736 P.2d 423 (Colo. App.1987) (the 30–day requirement of Crim.P. 5(a)(4)(I) is subject to waiver and, thus, is non-jurisdictional).

Moreover, because defendant failed to object timely to the county court's granting the prosecution leave to refile the felony count, we decline to address defendant's contentions of error surrounding the refiling of that count in county court and the applicability of *Chavez* and *Freiman* to the facts here. *See Christensen v. Hoover*, 643 P.2d 525 (Colo.1982) (objections not timely raised will not be considered on appeal).

The judgment is affirmed.

PIERCE and MARQUEZ, JJ., concur.