**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Edward Harvey STOKES, aka Ned Stokes, aka Ed Stokes, Defendant–Appellee.**

No. 90CA0607.

Colorado Court of Appeals, Div. V.

April 11, 1991.

Rehearing Denied May 9, 1991.

Peter F. Michaelson, Dist. Atty., Janet L. Folsom, Deputy Dist. Atty., Leadville, for plaintiff-appellant.

David F. Vela, State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge HUME.

The prosecution appeals from the district court's order denying its motion for leave to file a direct information charging defendant, Edward Harvey Stokes, with first degree sexual assault. We affirm.

Following a preliminary hearing on a criminal complaint filed in 1989, at which the prosecution chose not to have the victim testify because of his vulnerable emotional state, the charges against defendant were dismissed by the county court for lack of probable cause. Although the prosecution initially commenced proceedings to appeal the county court's decision to the district court, the appeal subsequently was withdrawn, and instead, the prosecution sought leave to file a direct information in the district court. Following hearings on the motion for a direct filing, the district court denied the motion.

■ Filing a direct information after dismissal in a county court under Crim.P. 7(c)(2) (as amended effective January 1, 1989) requires the district court's consent, which implies an exercise of its discretion. And, a district court's ruling in such regard will not be overturned unless there is an abuse of that discretion. *People v. Sabell,* 708 P.2d 463 (Colo.1985).

■ If the prosecution seeks to file a direct information in the district court after a county court has dismissed the case for lack of probable cause, the information "shall be accompanied by a written statement from the prosecutor alleging facts which establish that evidence exists which for good cause was not presented by the prosecutor at the preliminary hearing." Crim.P. 7(c)(2). The prosecution's belief that the county court erred in its finding of no probable cause does not constitute good cause for refiling. Crim.P. 5(a)(4)(IV) (as amended effective January 1, 1989).

Here, the prosecution alleged good cause existed to permit the direct filing based upon the victim's inability to testify at the county court hearing because of his psychological condition. While asserting that the victim was able subsequently to testify, the bulk of the motion consisted of argument that the county court erred in its finding of no probable cause, an issue not properly preserved by appellate review pursuant to Crim.P. 5(a)(4)(IV).

The district court found that the prosecution had failed to prove that the victim was unable to testify at the preliminary hear-ing. The district court further found that the victim had been able to relate the substance of his testimony to the prosecution's investigator prior to the time of the preliminary hearing, and it concluded that the evidence was available for presentation at the preliminary hearing but was not presented for tactical reasons.

The effect of allowing a direct filing in a case in which the prosecution states it will offer direct rather than hearsay testimony would constitute approval of the undesirable practice of presenting as little evidence as possible at the preliminary hearing in the county court and then requesting district court consent for a direct filing if no probable cause is found by the county court. *Holmes v. District Court,* 668 P.2d 11 (Colo.1983). Furthermore, if the prosecution may file a direct information in the district court simply because it made a tactical error at the preliminary hearing in the county court, there is little incentive to comply with the requirements governing preliminary hearings set forth in the Rules of Criminal Procedure and interpreted in case law: *Holmes v. District Court, supra.*

Here, the prosecution relied to a large extent upon the testimony of the victim's girlfriend to establish probable cause at the preliminary hearing. That testimony consisted primarily of hearsay statements by the victim.

For purposes of a preliminary hearing, hearsay testimony may be sufficient, *see Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975); however, the issue as to the adequacy of that evidence to establish probable cause was not before the district court in proceedings under Crim.P. 7(c)(2). That issue may only be addressed by appeal pursuant to Crim.P. 5(a)(4)(IV).

■ There is evidence in the record to support the district court's findings that the victim was not unavailable to testify in the county court proceedings, but only that it would have been difficult for him to testify because of his emotional state and that the prosecution made a tactical election to proceed without his testimony. Un-

der these circumstances, we conclude the district court did not abuse its discretion in finding that the prosecution failed to show good cause for not presenting the victim's testimony at the preliminary hearing. *See Holmes v. District Court, supra.*

Order affirmed.

PLANK and NEY, JJ., concur.