**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                              NO. 28,374

DONALD HOFFMAN,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals from the trial court's judgment and order partially suspending his sentence. This Court's first notice proposed summary affirmance. Defendant filed a memorandum in opposition to the proposed disposition and motion to amend the docketing statement. We deny Defendant's motion to amend the

docketing statement. Further, we are not persuaded by Defendant's arguments, and affirm the judgment and sentence.

Defendant continues to argue, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that the sentence imposed by the court violated his plea agreement, and constitutional protections against cruel and unusual punishment. [MIO 7-8] Defendant also contends it was a violation of his due process rights for the district court to enforce the sentence after he filed, pro se, the equivalent of a motion to withdraw the plea. [MIO 7] There is no explanation in the record why Defendant, represented by an attorney, filed a pro se motion.

Defendant asserts that his attorney led him to believe that he would receive no more than six months jail time, despite what the plea agreement indicated. Defendant asserts he assumed his attorney was overburdened by his caseload, and he agreed to accept the plea because it seemed preferable than allowing his attorney to represent him at trial. [MIO 9] However, at sentencing the district court ensured that no other promises had been made to Defendant in exchange for his plea. [DS 6] Defendant did not indicate his misunderstanding based on the alleged assurances of his attorney. Defendant agreed to terms of the plea agreement, which contained no agreement as

2

to sentencing and expressly stated the possible maximum sentence for each charge. [RP 154-55] While Defendant may have been informed that it was possible the district court might suspend jail time and possibly substitute rehabilitation [RP 207-206], the terms of the plea agreement govern, and Defendant failed to show that he was unaware of the potential sentence.

Defendant appears to acknowledge his failure to preserve the cruel and unusual punishment claim for appellate review, and asks that it be reviewed under fundamental or plain error. [MIO 2] However, the sentence did not violate the constitutional provisions against cruel and unusual punishment because "the trial judge is invested with discretion as to the length of the sentence, whether the sentence should be suspended or deferred, or made to run concurrently or consecutively within the guidelines imposed by the Legislature." *State v. Duran*, 1998-NMCA-153, ¶ 41, 126 N.M. 60, 966 P.2d 768. Defendant does not point to an error in the law demonstrating that the sentence imposed was contrary to statute or exceeded the maximum allowable sentence. *See also State v. Cumpton*, 2000-NMCA-033, ¶¶ 9-10, 129 N.M. 47, 1 P.3d 429 (stating that the trial court does not abuse its discretion by imposing a sentence authorized by law).

Next, Defendant argues he was denied effective assistance of counsel because his attorney failed to examine potentially exculpatory witnesses and evidence, or to clearly advise him that the plea agreement exposed him to over six months of incarceration.  [MIO 8]  In cases assigned to the summary calendar, this Court will grant a motion to amend  the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules.  *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983).

Defendant asserts that workers assisting in renovations were present at the time of the alleged crimes against his ex-wife and could have testified that they did not occur.  He further asserts that the workers' check stubs could have been subpoenaed to establish that the dates of their employment coincided with the dates of the alleged incidents.  [MIO 4]  "[I]neffective assistance usually can be reached only after an adversarial proceeding exploring the reasons for the action or inaction of defense counsel."  *State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776

4

(alteration in original) (internal quotation marks and citation omitted). Here, there is no evidence in the record indicating that the outcome of trial would have been different had counsel investigated further. "A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]" *State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776.

Therefore, we hold that Defendant has not established a prima facie case of ineffective assistance of counsel. *State v. Herrera,* 2001-NMCA-073, ¶ 37, 131 N.M. 22, 33 P.3d 22. Defendant must pursue the issue in a collateral proceeding. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845; *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"). Accordingly, we deny Defendant's motion to amend the docketing statement. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

For these reasons, and those stated in the first notice of proposed disposition, we affirm the judgment and sentence.

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**TIMOTHY L. GARCIA, Judge**