The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Jimmie **AUSTIN**, Defendant-Appellant.

No. 84CA0380.

Colorado Court of Appeals, Div. II.

May 9, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Donald A. Brenner, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Jimmie Austin, appeals the revocation of his deferred judgment and probation. We affirm.

Pursuant to a plea bargain on charges filed in Arapahoe County in 1982, defendant pled guilty to possession of a schedule II controlled substance (a class 3 felony) and to possession of a schedule V controlled substance (a class 1 misdemeanor). His guilty pleas were accepted, and, in May 1982, he was granted a two year deferred judgment and sentence on the felony charge and probation for one year on the misdemeanor. He was placed under the supervision of the probation department under specified conditions, including that he not commit another criminal offense during the supervision period.

In January 1983, defendant was arrested in Denver and a complaint and information was filed there charging him with possession and with possession for sale of a schedule II controlled substance. Based on this violation, the Arapahoe County probation department filed a complaint asking for revocation of the deferred judgment and the probation and for imposition of sentence on both counts.

In the Denver case, defendant requested a preliminary hearing. This was originally set to be heard in the county court in February 1983, but was continued to a date in March when the People's witnesses did not appear. The People's witnesses again failed to appear for the March hearing, and the People's motion for another continuance was denied. The Denver case was subsequently dismissed by the county court without a preliminary hearing and without any finding as to whether there was probable cause to believe that defendant had committed the offenses charged. The record is silent as to the grounds for the dismissal.

Defendant then moved for dismissal of the Arapahoe County revocation proceedings, contending that the dismissal of the Denver charges collaterally estopped the People from claiming that he had committed an offense in violation of the conditions of his deferred judgment and probation. His motion was denied. The court then conducted an evidentiary hearing and concluded that defendant had violated the conditions.

The court denied defendant's new trial motion and his renewed motion to dismiss, revoked the deferred judgment and sentence and the probation, and imposed concurrent sentences of four years on the felony offense and six months in jail on the misdemeanor offense. This appeal followed.

The only issue on appeal is whether the dismissal of the charges by the Denver County court collaterally estopped the Arapahoe County district court from revoking the deferred judgment and probation. We hold that it did not.

The doctrine of "[c]ollateral estoppel requires, that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be

litigated between the same parties in any future lawsuit.' " *People v. Coyle*, 654 P.2d 815 (Colo.1982). Here, however, there was no final judgment on the merits in the Denver proceeding, *see People ex rel. Gallagher v. District Court*, 666 P.2d 550 (Colo.1983), and, therefore, there is no basis for application of collateral estoppel here.

*People v. Anderson*, 659 P.2d 1385 (Colo. 1983), and *People v. Freiman*, 657 P.2d 452 (Colo.1983), which defendant claims support his position, are inapposite. In *Freiman*, the issue had been decided on the merits. *Anderson* does not relate to collateral estoppel; instead, it concerns the necessity to appeal a judgment of dismissal.

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.