30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Nelson ENTRUP, Individually, a/k/a Robert E. Nelson
and d/b/a Vista; Vista Financial Services, Vista General
and Enco Agency alter egos of Robert Nelson Entrup; Julie
Diane Entrup, Individual, Plaintiffs-Appellants,
v.
STATE of Colorado; Gale A. Norton, Attorney General of the
State of Colorado; Jack Wysoky, Assistant Colorado Attorney
General; Boulder County District Court, and Boulder County
District Court In Re Colorado v. Robert Nelson Entrup, et
al., case no. 90-CV-1571-5, Defendants-Appellees.
 No. 93-1454.
 United States Court of Appeals, Tenth Circuit.
 July 29, 1994.
 
 1
 Before TACHA and EBEL, Circuit Judges, and ROGERS,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs appeal from a summary judgment dismissing their civil rights action on the basis of collateral estoppel. The complaint alleges numerous constitutional claims arising out of a state court proceeding in which plaintiffs were found to have violated Colorado statutes penalizing misconduct in connection with finding, brokering, and offering consumer loans. Plaintiffs asserted the same constitutional objections within the state proceeding by way of a motion for new trial following the bench verdict against them. See App. to Appellants' Brief (App.) tab 2, Ex. F, pp. 25-29. The state trial court summarily disposed of the motion, without a hearing, by writing on its face the following notation: "Denied as not timely, and denied on the merits as well." Id. tab 2, Ex. F, p. 30. Plaintiffs' subsequent appeal was dismissed as untimely. Id. tab 2, Ex. G. Citing these circumstances, the district court concluded that plaintiffs were now collaterally estopped from pursuing their claims in federal court. We review this determination de novo, Hubbert v. City of Moore, 923 F.2d 769, 772 (10th Cir.1991), and reverse for the reasons that follow.
 
 
 4
 The federal full faith and credit statute, 28 U.S.C. 1738, applies in civil rights actions and permits the use of state court determinations for purposes of both collateral estoppel, or issue preclusion, and res judicata, or claim preclusion. Carter v. City of Emporia, 815 F.2d 617, 619 (10th Cir.1987)(citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 83-85 (1984) (recognizing application of res judicata)); see also Allen v. McCurry, 449 U.S. 90, 95-96 (1980) (recognizing application of collateral estoppel). Pursuant to 1738, federal courts should attribute to such determinations the same preclusive effect as would be accorded in the courts of the state in which they were initially made. Franklin v. Thompson, 981 F.2d 1168, 1170 (10th Cir.1992).
 
 
 5
 In Colorado, the burden of establishing the preclusive effect of a prior judgment rests on the party seeking to invoke it. Hansen v. Jones, 168 P.2d 263, 265 (Colo.1946); Waitkus v. Pomeroy, 506 P.2d 392, 395 (Colo. Ct.App.1972), rev'd on other grounds, 517 P.2d 396 (Colo.1973). To gain the benefit of collateral estoppel, that party must demonstrate:
 
 
 6
 (1) the issue precluded is identical to an issue actually determined in the prior proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party to a prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.
 
 
 7
 Bennett College v. United Bank of Denver, 799 P.2d 364, 366 (Colo.1990). It bears special emphasis here that "[t]he issue on which preclusion is asserted must have been actually litigated and necessarily adjudicated in the prior proceeding." Id. (emphasis added).
 
 
 8
 The issue defendants seek to preclude involves nothing less than the substantive merit of all the constitutional claims plaintiffs assert in this action. However, there is no indication in the record nor any suggestion in the parties' statements of the case that these claims were ever pleaded and litigated in the state civil enforcement proceedings leading up to the bench verdict against plaintiffs; evidently, they were raised for the first time as grounds in support of plaintiffs' (by then pro se) motion for new trial. Defendants point out the state court expressly noted, in the alternative, that its disposition of the motion was "on the merits," but the crucial question here is on the merits of what? The only certain answer to that question is the motion the court expressly denied, which is not the same thing as the underlying claims raised therein.
 
 
 9
 Under Colorado law, a motion for new trial is committed to the discretion of the trial court, Aspen Skiing Co. v. Peer, 804 P.2d 166, 172 (Colo.1991); Dyer v. Johnson, 757 P.2d 178, 181 (Colo. Ct.App.1988)(same), which may deny the motion if it attempts to introduce new issues into the case, Bowlen v. FDIC, 815 P.2d 1013, 1015 (Colo. Ct.App.1991); see South Conejos Sch. Dist. v. Martinez, 709 P.2d 594, 596 (Colo. Ct.App.1985). Furthermore, and more specifically, defenses and counterclaims like those plaintiffs asserted as a basis for new trial must be formally raised by pleading or appropriate motion or may be deemed waived. See Maxey v. Jefferson County Sch. Dist., 408 P.2d 970, 971 (Colo.1965); Wilmore v. Kalberer, 156 P. 593, 594 (Colo.1916); Casserly v. State, 844 P.2d 1275, 1279 (Colo. Ct.App. 1992). Thus, while the state trial court may have undertaken to assess and adversely resolve the many constitutional and statutory issues implicated by the claims plaintiffs sought to introduce in their new trial motion,[2] the court also may have exercised its discretion to conclude simply that this post-trial attempt to raise new, unpleaded claims and defenses (of whatever merit in themselves), did not, under the circumstances, warrant disturbing the final judgment reached after a fair trial of the state's civil charges. Nothing in the record enables us to resolve this inherent ambiguity in the state court's bare reference to "the merits."
 
 
 10
 "[F]ederal district and appellate courts should not attempt to divine the unspoken intent of state courts rendering ambiguous decisions." Owens v. Treder, 873 F.2d 604, 611 (2d Cir.1989)(rejecting use of collateral estoppel where ambiguity of prior state court decision left federal court unable to conclude with certainty that issues had been adjudicated). Furthermore, while Colorado courts generally do not require express or detailed findings as a condition to the preclusive use of a judgment, see, e.g., Schmidt v. Frankewich, 819 P.2d 1074, 1077-78 (Colo. Ct.App.), cert. denied, 1991 Colo. LEXIS 748 (1991); Nier v. Hansen (In re Hansen), 131 B.R. 167, 169, 171 (D. Colo.1991), aff'd, 977 F.2d 595 (10th Cir.1992)(table), they nevertheless recognize that where, as here, the absence of such findings leaves uncertain the legal basis of a prior decision, the requirements of collateral estoppel, particularly the actual litigation and necessary adjudication of common issues, may be impossible to satisfy. See People v. Austin, 705 P.2d 1024, 1025-26 (Colo. Ct.App.1985).
 
 
 11
 These principles control our disposition of this appeal. As noted above, under one legally sound and plausible interpretation of the state court's ruling, the substance of the claims now reasserted in federal court would not have been at issue. Thus, any conclusion that the state court actually addressed and necessarily rejected these claims on the merits would necessarily rest on impermissible speculation. Accordingly, we must reverse the district court's application of collateral estoppel and remand the case for further proceedings.
 
 
 12
 Our ruling with respect to collateral estoppel obviates the resolution of two serious procedural concerns raised by the district court's handling of this case. First, defendants did not file a pleading asserting collateral estoppel, as specifically required by Fed.R.Civ.P.8(c), nor did they invoke this affirmative defense in their motion for dismissal and/or summary judgment, which extensively argued res judicata but did not mention collateral estoppel. These are separate defenses with distinct elements. Ordinarily, such circumstances would bar the trial court from relying on collateral estoppel to dismiss the case, see American Casualty Co. v. United S. Bank, 950 F.2d 250, 253 (5th Cir.1992); Harbeson v. Parke Davis, Inc., 746 F.2d 517, 520 (9th Cir.1984); Zeligson v. Hartman-Blair, Inc., 135 F.2d 874, 876 (10th Cir.1943), though plaintiffs were able to contest the matter through a subsequent motion for reconsideration, which may have cured the problem, cf. Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir.1993)(parties had "adequate opportunity to examine and contest the [magistrate judge's sua sponte] application of preclusion" through objections filed with district court). Second, throughout the district court's deliberations on dismissal/summary judgment and its reconsideration thereof, plaintiffs' pending motion to amend the complaint went unaddressed. Our reversal and remand should permit the district court the opportunity to correct this omission. Cf. Summers v. Utah, 927 F.2d 1165, 1167-68 (10th Cir.1991)(remanding case for express ruling on motion for reconsideration pending when district court entered judgment without any reference thereto).
 
 
 13
 We must address one more procedural matter, which is not mooted by our disposition. Upon receiving what they considered inadequate responses to discovery, plaintiffs moved for various sanctions under Fed.R.Civ.P. 37(b)(2), including the entry of default. The magistrate judge allowed defendants several weeks to respond to the motion. Nevertheless, the district court clerk entered a "Notice of Default" on the docket in the meantime. Once apprised of these circumstances, the district court promptly ordered the notice set aside. Plaintiffs contend the district court erred in not approving the clerk's entry of default.
 
 
 14
 Plaintiffs fail to appreciate the purpose and effect of the pertinent rules of procedure. The court clerk had no authority to take the action requested. Rule 37, the cited basis for plaintiffs' motion, prescribes the powers of the district court to deal with discovery abuses; it has nothing to do with the clerk's duty regarding the entry of default for failure to plead or defend, which is governed by Fed.R.Civ.P. 55. Furthermore, not even the district court would have been authorized to enter default against defendants under Rule 37(b)(2). That rule enables the court to sanction a party who "fails to obey an order to provide or permit discovery" under Rule 37(a), and no such order had been entered. Indeed, plaintiffs' motion, requesting the court to "enter default judgement [sic] or in the alternative compel discovery," R. Vol. I, tab 29, is itself properly construed as a motion for the prerequisite order under Rule 37(a). Since the clerk had no authority to enter the notice of default, the district court correctly set it aside.
 
 
 15
 The judgment of the United States District Court for the District of Colorado is REVERSED in part, AFFIRMED in part, and the cause is REMANDED for further proceedings consistent with this order and judgment. Appellants' motion to impose sanctions on appellees for seeking a one-day extension to file their answer brief is DENIED.
 
 
 16
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 This seems unlikely, however, as the surrounding circumstances, particularly the lack of a hearing, the absence of any legal analysis, and the cursory, handwritten notation reflecting the court's disposition of the motion, do not suggest the assumption and execution of such an extensive inquiry