**Susan Lynn ROBERTS,**
**Plaintiff–Appellant,**

**v.**

**Charles Timothy KLING,**
**Defendant–Appellee.**

No. 95–2272.

United States Court of Appeals,
Tenth Circuit.

Jan. 6, 1997.

William L. Lutz and Hugh T. Brower of Martin, Lutz & Brower, P.C., Las Cruces, NM, for Plaintiff–Appellant.

Mark D. Jarmie of Sharp, Jarmie, & Scholl P.A., Albuquerque, NM, for Defendant–Appellee.

Before PORFILIO, ALARCON,* and LUCERO, Circuit Judges.

JOHN C. PORFILIO, Circuit Judge.

I. INTRODUCTION

Plaintiff Susan Lynn Roberts appeals from the district court's grant of summary judgment to defendant on her civil rights complaint, filed pursuant to 42 U.S.C. § 1983. She challenges as legal error the district court's grant of absolute immunity, and alternatively, qualified immunity, to defendant. We have jurisdiction over this appeal under

* Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

28 U.S.C. § 1291.[1]  Our review of the district court's summary judgment decision is de novo, applying the same legal standards as those employed by the district court to determine whether a genuine issue of material fact precludes summary judgment, and, if not, whether the moving party is entitled to judgment as a matter of law. *See Wolf v. Prudential Ins. Co.,* 50 F.3d 793, 796 (10th Cir. 1995).

The underlying facts are undisputed. Defendant, then an investigator for the District Attorney's office in the Third Judicial District of New Mexico, investigated allegations that plaintiff had failed to return her children to the custody of their father in violation of a court order. Defendant subsequently signed and filed a criminal complaint against plaintiff before a magistrate in Dona Ana County, New Mexico, and obtained a warrant for plaintiff's arrest. Plaintiff was arrested in Oregon and extradited to New Mexico for trial. Five months after her preliminary hearing, plaintiff moved to dismiss the charges against her on jurisdictional grounds. The state trial judge dismissed the case and his decision was affirmed on appeal. In her civil rights complaint against defendant, plaintiff contended, in relevant part, that defendant knowingly and wilfully executed the criminal complaint based on false and misleading factual allegations, resulting in the issuance of a warrant for her arrest.[2]

Defendant contended he was immune from plaintiff's suit, and the district court agreed. The district court concluded that defendant was entitled to absolute prosecutorial immunity, holding that defendant's actions in swearing out a complaint and seeking an arrest warrant were "functionally initiating a criminal prosecution." Appellant's App. at 81. Further, the court held that defendant was also entitled to qualified immunity. *See id.* at 89.

## II.  ABSOLUTE IMMUNITY

### A.

Absolute immunity "defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman,* 424 U.S. 409, 419 n. 13, 96 S.Ct. 984, 989 n. 13, 47 L.Ed.2d 128 (1976). Under the "functional approach" adopted by the Supreme Court, " 'we examine the nature of the functions with which a particular official or class of officials has been lawfully entrusted, and we seek to evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions.' " *Spielman v. Hildebrand,* 873 F.2d 1377, 1381 (10th Cir.1989)(quoting *Forrester v. White,* 484 U.S. 219, 224, 108 S.Ct. 538, 542, 98 L.Ed.2d 555 (1988)). In other words, absolute immunity " 'is justified and defined by the functions it protects and serves, not by the person to whom it attaches.' " *Mee v. Ortega,* 967 F.2d 423, 425 (10th Cir.1992)(quoting *Forrester,* 484 U.S. at 227, 108 S.Ct. at 544).

In *Imbler v. Pachtman,* the Supreme Court held that state prosecutors are entitled to absolute immunity from § 1983 suits for activities within the scope of their prosecutorial duties. 424 U.S. at 420, 96 S.Ct. at 990. The Supreme Court defined the activities deserving of immunity as those "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." *Id.* at 430–31, 96 S.Ct. at 995. Similarly, this court has noted that the analysis of prosecutorial immunity is based on a continuum: "the more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is

---

1.  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2.  Plaintiff also alleged in her complaint that defendant violated her constitutional rights by 1) providing false information to the Federal Bureau of Investigation, leading to a federal warrant for her arrest, 2) issuing publicity containing false statements about plaintiff, and 3) making false statements to the media. However, on appeal she does not challenge the district court's resolution of these allegations in defendant's favor. Accordingly, she has waived appellate review of those issues. *See State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 984 n. 7 (10th Cir. 1994).

that absolute immunity will attach." *Gagan v. Norton,* 35 F.3d 1473, 1475 (10th Cir.1994)(further quotation omitted).

"'Although identifying those acts entitled to absolute immunity is not always easy, the determinative factor is "advocacy" because that is the prosecutor's main function and the one most akin to his quasi-judicial role.'" *Spielman,* 873 F.2d at 1382(quoting *Rex v. Teeples,* 753 F.2d 840, 843 (10th Cir.1985) and citing *Meade v. Grubbs,* 841 F.2d 1512, 1532 (10th Cir.1988)); *see Gagan,* 35 F.3d at 1475; *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1490 (10th Cir.1991). In contrast, when a prosecutor acts in an administrative or investigative capacity, those activities are entitled to qualified immunity only. *See England v. Hendricks,* 880 F.2d 281, 285 (10th Cir.1989)(citing *Meade,* 841 F.2d at 1532).

The district court's decision that defendant is entitled to absolute immunity is a question of law which we review de novo. *See England,* 880 F.2d at 285. In this case, we think it is clear that defendant's actions in swearing out a complaint against plaintiff were prosecutorial in nature. He was initiating a judicial proceeding as part of the District Attorney's office.[3] *See Snell v. Tunnell,* 920 F.2d 673, 693 (10th Cir.1990)(filing charges was act "within the continuum of initiating and presenting a criminal case"); *Lerwill v. Joslin,* 712 F.2d 435, 437 (10th Cir.1983)("filing a criminal complaint . . . was clearly an initiation of a prosecution").

### B.

The Supreme Court has recognized that prosecutorial functions may also involve some activities preliminary to the initiation of an action, including actions away from the courtroom. *See Imbler,* 424 U.S. at 431 n. 33, 96 S.Ct. at 995 n. 33. Because of their connection to the critical judicial role that a prosecutor plays, those activities are also afforded absolute immunity. *See Pfeiffer,* 929 F.2d at 1490 (immunity may attach to even administrative or investigative acts when necessary for a prosecutor to function as an officer of court).

The remaining question, then, is whether defendant's act of obtaining an arrest warrant was performed in his role as an advocate, *see England,* 880 F.2d at 285, or, in other words, whether his actions "constituted advocacy functions sufficiently related to initiating judicial proceedings to justify absolute immunity." *Spielman,* 873 F.2d at 1382. One factor, although not always dispositive, is whether the acts complained of were taken before or after a determination of probable cause. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 274 & n. 5, 113 S.Ct. 2606, 2616 & n. 5, 125 L.Ed.2d 209 (1993). Although plaintiff contends that issues of fact exist as to the District Attorney's decision regarding probable cause, it is clear that the Chief Deputy District Attorney signed the complaint before defendant performed any of the acts complained of.[4] The District Attorney's undisputed testimony was that, in signing the complaint, the Chief Deputy District Attorney was approving the complaint "as it relates to probable cause." Appellant's App. at 131. Because defendant's actions followed a probable cause determination, they are more closely associated with the judicial process and the prosecutorial function of an advocate for the state.

Additionally, "[w]e have held that a critical factor for absolute prosecutorial immunity 'involves a prosecutor's acts as an advocate before a neutral magistrate.'" *Snell,* 920 F.2d at 693 (quoting *Lerwill,* 712 F.2d at 437). Plaintiff does not challenge defendant's investigation of the facts, only his conduct before the magistrate. In *Burns v. Reed,* 500 U.S. 478, 491–92, 111 S.Ct. 1934,

---

3. We note that although defendant was employed as an investigator, under the functional approach, we focus on the nature of his actions in this case. Defendant need not be a prosecutor to be afforded prosecutorial immunity; the immunity extends to those who perform equivalent functions. *See Hill v. City of New York,* 45 F.3d 653, 660 (2d Cir.1995)(employees of district attorney's office); *Pfeiffer,* 929 F.2d at 1489–90; *Meade,* 841 F.2d at 1532 n. 18.

4. Defendant signed the criminal complaint as the complainant, and the Chief Deputy District Attorney signed in the "Approved" section, to indicate approval by the District Attorney's office. Appellant's App. at 145.

1941–43, 114 L.Ed.2d 547 (1991), the Supreme Court held that a prosecutor's appearance and presentation of evidence before a judge to secure a search warrant was entitled to absolute immunity, concluding that the prosecutor was acting as advocate for the state and that immunity would serve the policy of protecting the "'judicial phase of the criminal process.'" *Id.* at 492, 111 S.Ct. at 1942 (quoting *Imbler*, 424 U.S. at 430, 96 S.Ct. at 995). Similarly, defendant's seeking an arrest warrant before a magistrate is associated with the judicial process.

Finally, the act of obtaining an arrest warrant in conjunction with the filing of a criminal complaint is functionally part of the initiation of a criminal proceeding, and therefore prosecutorial in nature. As this court stated in *Lerwill v. Joslin:*

> [W]e think that a prosecutor's seeking an arrest warrant is too integral a part of his decision to file charges to fall outside the scope of *Imbler.* The purpose of obtaining an arrest warrant is to ensure that the defendant is available for trial and, if found guilty, for punishment. Without the presence of the accused, the initiation of a prosecution would be futile. Thus, a prosecutor's seeking a warrant for the arrest of a defendant against whom he has filed charges is part of his "initiation of a prosecution" under *Imbler.*

712 F.2d at 437–38.

This court has held that "a prosecutor's absolute immunity has extended to his procurement of an arrest warrant." *Lerwill,* 712 F.2d at 437.[5] We conclude that defendant is entitled to absolute immunity for seeking an arrest warrant in connection with the charges being filed against plaintiff under

the auspices of the District Attorney's office. It is clear from the record on appeal that the purpose of the warrant was to secure plaintiff's presence to defend against the criminal charges and, as a by-product, to find the children who had not been returned to their father. The warrant was not investigative or used as the means to find more information before deciding that the case should be prosecuted, but was sought at the same time the charges against plaintiff were filed. *See also Snell,* 920 F.2d at 693 ("a prosecutor who performs functions within the continuum of initiating and presenting a criminal case, such as ... seeking an arrest warrant ... ordinarily will be entitled to absolute immunity"); *Pena v. Mattox,* 84 F.3d 894, 896 (7th Cir.1996)(defendant properly claimed absolute immunity with regard to drafting and authorizing original criminal complaint and procuring arrest warrant).

### C.

On appeal, as before the district court, plaintiff contends that the Supreme Court's opinion in *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) is dispositive here. In *Malley,* the Supreme Court denied absolute immunity to a police officer who sought an arrest warrant following his investigation of the defendants. Plaintiff here asserts that, defendant, a certified law enforcement officer, should be denied absolute immunity because his acts were the same as those of the police officer in *Malley.*

We disagree. First, defendant's status as a certified law enforcement officer is irrelevant to the determination of whether his actions are entitled to immunity, under the functional approach.[6] Second, while de-

---

**5.** The Ninth Circuit has recently called *Lerwill* into question, noting that it was issued before current Supreme Court authority on the subject of prosecutorial immunity. *See Fletcher v. Kalina,* 93 F.3d 653, 656 n. 3 (9th Cir.1996). Other circuits continue to cite *Lerwill* as authority for the proposition that, in seeking an arrest warrant in connection with filing charges against a defendant, a prosecutor is functioning as an advocate for the state and is entitled to absolute immunity. *See Pinaud v. Suffolk,* 52 F.3d 1139, 1150 (2d Cir.1995); *Ehrlich v. Giuliani,* 910 F.2d 1220, 1223 (4th Cir.1990); *Myers v. Morris,* 810 F.2d 1437, 1446 (8th Cir.1987); *Joseph v.*

*Patterson,* 795 F.2d 549, 555 (6th Cir.1986). *See also Schrob v. Catterson,* 948 F.2d 1402, 1414 (3d Cir.1991)(noting split of authority regarding absolute immunity "in the context of the prosecutorial decision to seek an arrest or search warrant,"). We reaffirm our position in *Lerwill* because, as discussed below, we conclude it is consistent with the more recent Supreme Court pronouncements.

**6.** Plaintiff contends on appeal that the district court ignored the functional test when, in distinguishing *Malley* from the present case, it commented that defendant was not a police officer.

fendant's acts in swearing out a complaint and obtaining a warrant for plaintiff's arrest are closely similar to the acts which afforded the defendant only qualified immunity in *Malley,* the acts themselves are not the focus of the functional approach. Instead, we examine the function a defendant's acts serve. *See Imbler,* 424 U.S. at 430, 96 S.Ct. at 994–95 (approving Court of Appeals' focus on "the functional nature of the activities"); *McCarthy v. Mayo,* 827 F.2d 1310, 1314 (9th Cir.1987)(looking to "the nature or function of the ultimate act" in determining entitlement to prosecutorial immunity); *Barr v. Abrams,* 810 F.2d 358, 361 (2d Cir.1987)(analyzing immunity on "functional basis").

We are mindful of case law reasoning that different actors performing the same acts should receive the same level of immunity. *See, e.g., Fletcher,* 93 F.3d at 655–56. Nonetheless, we think that the proper focus is on the function an act serves, not the act itself. Further, we think Supreme Court authority supports this analysis. In *Buckley,* the Court's opinion indicates that the act of interviewing witnesses may or may not be entitled to absolute immunity, depending on the role of the actor: "There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause." 509 U.S. at 273, 113 S.Ct. at 2616.[7] In *Malley* itself, the Supreme Court recognized the distinction between function and conduct,

finding unpersuasive the proposed analogy between a police office seeking an arrest warrant and a prosecutor seeking an indictment. 475 U.S. at 342–44, 106 S.Ct. at 1096–98. The policy considerations underlying a grant of immunity focus on the function or role an individual fulfills in performing certain acts, not on the acts alone. "We have interpreted § 1983 to give absolute immunity to functions 'intimately associated with the judicial phase of the criminal process,' not from an exaggerated esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself." *Malley,* 475 U.S. at 342, 106 S.Ct. at 1097 (quoting *Imbler,* 424 U.S. at 430, 96 S.Ct. at 994–95).

### III. SUMMARY JUDGMENT

Plaintiff also contends that the district court erred when it ignored genuine issues of material fact which preclude summary judgment on the basis of absolute immunity. She takes issue with the district court's statements that the District Attorney had concluded that probable cause existed to believe plaintiff had violated the applicable statute and that a criminal complaint should be filed. To support her contention that these matters are genuinely disputed, she cites to the District Attorney's deposition. She contends that he testified he did not make a determination that probable cause existed, but determined only that defendant should investigate further, and he did not instruct defendant to

---

Then, in an interesting reverse, plaintiff appears to argue that defendant's status as a certified law enforcement officer is a factor in favor of applying *Malley.* Appellant's Br. at 19. We think plaintiff's argument misses the mark. Here, the district court noted that plaintiff "was not a police officer capable of depriving people of valuable rights," but worked directly for the district attorney. The court then summarized defendant's actions in this case. The court's analysis clearly did not ignore the functional approach, but applied it.

7. A majority of cases applying the same act/same immunity analysis cite to *Buckley* as authority. *See, e.g., Guzman–Rivera v. Rivera–Cruz,* 55 F.3d 26, 30 (1st Cir.1995); *Giuffre v. Bissell,* 31 F.3d 1241, 1252 (3d Cir.1994). In *Buckley,* the Court, quoting the Seventh Circuit, used "same act" language in a discussion of the various functions

that a prosecutor performs. 509 U.S. at 273, 113 S.Ct. at 2615–16. However, the opinion as a whole reflects an emphasis on function, not conduct alone. Other cases cite to the Supreme Court's opinion in *Burns* as support for this kind of analysis, *see Schrob,* 948 F.2d at 1415 n. 12. However, the *Burns* court did not compare like acts in its analysis. The Court noted: "it is incongruous to allow prosecutors to be absolutely immune from liability for giving advice to the police, but to allow police officers only qualified immunity for *following the advice.*" 500 U.S. at 494, 111 S.Ct. at 1944 (emphasis added). The opinion goes on to reject arguments that the act of giving advice to the police was part of the prosecutorial capacity or closely associated with the judicial process. *Id.* at 495–96, 111 S.Ct. at 1944–45. We conclude that neither *Buckley* nor *Burns* is contrary to our reasoning here.

obtain a warrant for plaintiff's arrest. Therefore, she argues, there is factual dispute "as to whether [defendant] was functionally initiating a criminal prosecution." Appellant's Br. at 21.

A careful review of the deposition testimony leads us to conclude that plaintiff's arguments on this point have no merit. The District Attorney did, indeed, state that he sent defendant to investigate whether probable cause existed as to each essential element, *see* Appellant's App. at 131, 138, and that he had not authorized the filing of a criminal complaint before defendant investigated the relevant facts, *see id.* at 133. However, he also testified that if defendant's investigation corroborated the facts as preliminarily reported, then there was probable cause to believe a crime had been committed. *see id.* at 140. Specifically, he said: "In speaking with [defendant], I instructed him to do the investigation, sign whatever his investigation revealed, and if they were consistent with what information was given to me [ ], that would be probable cause to go forward." *Id.* He also testified that the information in the Statement of Facts prepared by defendant was consistent with the information as preliminarily reported, and that the Chief Deputy District Attorney, "in signing the criminal complaint, determined, based on his own experience, that there were sufficient facts alleged to constituted probable cause to file a criminal complaint." *Id.*

While the District Attorney did not make an actual probable cause determination before defendant's investigation, once the reported facts were verified by defendant's investigation, both he and the Chief Deputy District Attorney believed that probable cause existed to go forward with a criminal complaint. Therefore it is undisputed that defendant's actions in seeking an arrest warrant and swearing out a complaint followed a determination of probable cause within the District Attorney's office.

## IV. CONCLUSION

Because we conclude that defendant is entitled to absolute prosecutorial immunity under the facts of this case, we need not address plaintiff's arguments regarding the district court's alternative holding that defendant would be entitled to qualified immunity. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.