**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SUSAN LYNN ROBERTS,

        Plaintiff-Appellant,

v.

CHARLES TIMOTHY KLING,

        Defendant-Appellee.

No. 95-2272

---

**ON REMAND FROM THE SUPREME COURT**

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-94-1318-LH)**

---

Submitted on the briefs:

William L. Lutz and Hugh T. Brower of Martin, Lutz & Brower, P.C., Las Cruces, New Mexico, for Plaintiff-Appellant.

Mark D. Jarmie of Sharp, Jarmie, & Scholl P.A., Albuquerque, New Mexico, for Defendant-Appellee.

---

Before **PORFILIO**, **ALARCON**,[*] and **LUCERO**, Circuit Judges.

---

[*]     Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

**PER CURIAM**

In <u>Roberts v. Kling</u>, 104 F.3d 316 (10th Cir. 1997), we affirmed the district court's grant of summary judgment to defendant Charles Timothy Kling based on absolute immunity.[1]  We reasoned that Kling's conduct in signing and filing a criminal complaint against plaintiff Susan Lynn Roberts, and in seeking a warrant for her arrest, was entitled to absolute immunity because those acts are a functional part of initiating a prosecution.  <u>See</u> <u>id.</u> at 319-20.  Roberts sought a writ of certiorari, and the Supreme Court granted the writ, vacated our judgment, and remanded this matter to us for further consideration in light of <u>Kalina v. Fletcher</u>, 118 S. Ct. 502 (1997).  <u>See</u> <u>Roberts v. Kling</u>, 118 S. Ct. 623 (1997).

In <u>Kalina</u>, the Supreme Court held that a state prosecutor was absolutely immune for her actions in preparing and filing two charging documents, including a motion for an arrest warrant, but was not entitled to absolute immunity protection of her conduct in executing, under penalty of perjury, a certification for determination of probable cause.  The court reasoned that this conduct was more akin to that of a complaining witness than a lawyer.  <u>See</u> 118 S. Ct. at 509.

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

As in Kalina, defendant Kling signed a charging document, here a criminal complaint, against Roberts under penalty of perjury. Roberts contended, on appeal from the district court's ruling, that the complaint contained misrepresentations and omissions of material fact. Assuming without deciding that Kling acted as a complaining witness in testifying to the truth of the statements contained within the criminal complaint, a role which would deny his conduct the protection of absolute immunity under Kalina, we nonetheless reaffirm our earlier decision that summary judgment was properly granted to Kling in this case.

First, Kalina leaves untouched our affirmance of the district court's conclusion that Kling was entitled to absolute immunity for his actions in preparing a criminal complaint against Roberts and in seeking a warrant for her arrest. See id. The only remaining issue is whether Kling is entitled to qualified immunity for his execution of the criminal complaint, by which he affirmed the truth of the facts set forth in that document to the best of his information and belief. See Appellant's App. at 145 (Criminal Complaint). The district court had concluded, in an alternative analysis, that Kling was entitled to qualified immunity. We did not address that conclusion on appeal, relying instead on the court's grant of absolute immunity. See 104 F.3d at 322.

"We review the district court's grant of summary judgment based on qualified immunity *de novo*, applying the same standard used by the district court." Lawmaster v. Ward, 125 F.3d 1341, 1346 (10th Cir. 1997). Alongside the traditional summary judgment standards, see id. at 1346-47, we apply a two-part framework once a defendant raises the defense of qualified immunity. See id. at 1347. "First, the plaintiff must show the defendant's conduct violated a constitutional or statutory right; second, the plaintiff must show the right the defendant's conduct violated was clearly established such that a reasonable person in the defendant's position would have known the conduct violated the right. Unless the plaintiff makes such a showing, the defendant prevails." Id. (citations omitted).

> We outlined the relevant facts on appeal:
>
> Defendant, then an investigator for the District Attorney's office in the Third Judicial District of New Mexico, investigated allegations that plaintiff had failed to return her children to the custody of their father in violation of a court order. Defendant subsequently signed and filed a criminal complaint against plaintiff before a magistrate in Dona Ana County, New Mexico, and obtained a warrant for plaintiff's arrest. Plaintiff was arrested in Oregon and extradited to New Mexico for trial. Five months after her preliminary hearing, plaintiff moved to dismiss the charges against her on jurisdictional grounds. The state trial judge dismissed the case and his decision was affirmed on appeal.

Roberts, 104 F.3d at 318. Before the district court, as on appeal, Roberts contended that Kling knowingly and willfully misrepresented the facts and

omitted information from the criminal complaint that was critical to the probable cause determination. Specifically, Roberts asserted that Kling misrepresented her whereabouts on or about August 17, 1992, as in New Mexico, and represented under oath to a magistrate that the crime charged occurred in Dona Ana County, New Mexico. Further, Roberts stated that Kling omitted information about a parenting plan between her and the children's father, information that would support her contention that she was not required to return the children until the 20th of August, 1992.

The district court determined that "[n]o material information was withheld by Defendant from the magistrate." Appellant's App. at 88 (Memorandum Opinion). Looking at the criminal complaint as a whole, the court held that the supporting statement of facts "clearly discloses" that Roberts was not in New Mexico on or about August 17, 1992. Id. at 87. The court concluded that the opening statement in the complaint, indicating that Roberts committed a crime in Dona Ana County, New Mexico, was "jurisdictional, not factual." Id. Similarly, the court rejected plaintiff's argument about the parenting plan information. It found that the information could be inferred from the statement of facts supporting the complaint, and also ruled that the information was irrelevant to the probable cause determination because the complaint was sworn out on August 21, 1992.

On appeal of the court's qualified immunity ruling, Roberts argued that the district court exceeded its role under applicable summary judgment standards by making credibility determinations, weighing the evidence and deciding issues in Kling's favor. Appellant's Br. at 22. While acknowledging that qualified immunity is a question of law, she also contends that whether Kling acted as a reasonably competent law enforcement officer is an issue for the jury. Id. at 23. Roberts attempts to cast this determination as factual and also seeks to demonstrate factual disputes on point; however, we agree with the district court that Roberts has not demonstrated that Kling violated clearly established law. In making the case-by-case determinations required in the highly fact-driven area of qualified immunity, our job is to "evaluate the totality of the circumstances to determine, as a matter of law, whether the plaintiff has stated sufficient facts to show the defendant[] violated . . . her constitutional rights." Lawmaster, 125 F.3d at 1349. The district court correctly analyzed Robert's claims in light of all of the facts presented to the magistrate in support of probable cause. It correctly concluded that Roberts failed to allege facts demonstrating that Kling intentionally executed the criminal complaint knowing that New Mexico lacked jurisdiction over her. Appellant's App. at 89-90.

We reaffirm our earlier opinion affirming the district court's grant of absolute immunity to Kling for his conduct in preparing the criminal complaint

against Roberts and in seeking a warrant for her arrest. We affirm the district court's judgment granting Kling qualified immunity for his conduct in executing the criminal complaint. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.