**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENATH CIRCUIT

---

ROBERT NELSON ENTRUP,
Individually, a/k/a Robert E. Nelson
and d/b/a Vista, Vista Financial
Services, Vista General and Enco
Agency alter egos of Robert Nelson,
Entrup and JULIE DIANE ENTRUP,
Individually,

      Plaintiffs-Appellants,

vs.

STATE OF COLORADO,
ATTORNEY GENERAL FOR THE
STATE OF COLORADO; GALE A.
NORTON, Attorney General; JACK
WYSOKY, Assistant Colorado
Attorney General; VICKY BARBER,
Investigator for the Colorado Attorney
General; BOULDER COUNTY
DISTRICT COURT, and Boulder
County District Court In Re Colorado
v. Robert Nelson Entrup, et al., case
no. 90-CV-1571-5,

      Defendants-Appellees.

No. 97-1197
(D.C. No. 92-B-2328)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

_____

Plaintiffs appeal from the order on remand[1] of the federal district court dismissing this action with prejudice. The first amended complaint alleges a variety of constitutional and statutory claims arising out of a state court proceeding where Plaintiffs were fined, forfeited property in connection with their loan business, and ordered to make restitution based upon violations of several antifraud statutes. See I R. doc. 48. On appeal, Plaintiffs take issue with the district court's determination that this action is barred by the Defendants' immunity.[2] See Aplts. Opening Br. at 3. Our jurisdiction arises under 28 U.S.C. § 1291 and exercising plenary review, we affirm.

Claims brought in federal court for monetary relief against Defendants State of Colorado, the Boulder County District Court, and the individual Defendants in their official capacities are barred by the Eleventh Amendment.

_____

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

[1] The district court previously granted summary judgment in favor of defendants on the basis of collateral estoppel. This court reversed that determination. Entrup v. Colorado, No. 93-1454, 30 F.3d 141, 1994 WL 396048 (10th Cir. July 29, 1994).

[2] Apart from the immunity problem, the first amended complaint fails to state a claim for many other reasons, most of which were identified by the magistrate judge. See I R. doc. 132.

- 2 -

See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985); Edelman v. Jordan, 415 U.S. 651, 668-69 (1974). Claims for monetary relief against the individual defendants (in their individual capacities) affiliated with the attorney general's office are barred by absolute prosecutorial immunity insofar as these claims deal with the initiation and prosecution of the civil action against the Plaintiffs. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Roberts v. Kling, 104 F.3d 316, 318-19 (10th Cir. 1997). To the extent that the individual Defendants acted pursuant to facially valid court orders in seizing and inventorying the Plaintiffs' business assets, see I R. doc. 4 at 10-11; doc. 48 at 6, they are protected by absolute judicial immunity. See Valdez v. City and County of Denver, 878 F.2d 1285, 1289-90 (10th Cir. 1989). Claims for damages against judges in their individual capacities would be barred by absolute judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978).

Having determined that the claims for monetary relief against the Defendants are barred, we proceed to claims for injunctive relief. The injunctive relief sought by the Plaintiffs is no less than review of a state court judgment, something which a lower federal court is not empowered to do. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Facio v. Jones, 929 F.2d 541, 543-44 (10th Cir. 1991). Additionally, Plaintiffs lack standing to seek prospective injunctive relief against prosecution of themselves and others.

See City of Los Angeles v. Lyons, 461 U.S. 95, 105-07 (1983); O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge