**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 24 1998**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

_____

CHARLES L. NOVOSAD, JR.,

    Plaintiff-Appellant,

v.

STATE OF NEW MEXICO; MICHAEL VIGIL,
Judge, First Judicial District, State of New
Mexico,

    Defendants,

and

NEW MEXICO BOARD OF MEDICAL
EXAMINERS; TOM UDALL, Attorney General
of New Mexico; NATALIE K. SHEMONSKY,
M.D., J.D.; G.T.S. KALSA, Assistant Attorney
General of New Mexico; JAMIA JACKSON,
Assistant Attorney General of New Mexico;
TANNIS L. FOX, Assistant Attorney General of
New Mexico; J. DAVID COPE, Assistant
Inspector General, United States Office of
Personnel Management; THE NEW MEXICAN,

    Defendants-Appellees.

No. 97-2331
(D.C. No. CIV-97-691)
(D.N.M.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

Charles L. Novosad, Jr., brought this suit pro se against the State of New Mexico, the New Mexico Board of Medical Examiners, Dr. Natalie Shemonsky, who was a hearing examiner with the State Board, the State Attorney General and three Assistant Attorneys General, a State district judge, a federal official, and a newspaper, asserting claims under 42 U.S.C. § 1983 and state law arising from proceedings in which his licenses to practice medicine and to prescribe controlled substances were revoked.  Dr. Novosad was allowed to proceed in forma pauperis. The district court thereafter conducted a review sua sponte of Dr. Novosad's complaint and concluded that it failed to properly plead any claims against any

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

defendant and was frivolous under 28 U.S.C. § 1915(d).

Dr. Novosad then filed a first amended complaint. The court again conducted a sua sponte review and dismissed on Eleventh Amendment grounds the claims against the State of New Mexico and the State officials in their official capacities, and the State trial judge in his official capacity. The court also ruled that any claims against the judge in his individual capacity were barred by absolute judicial immunity and dismissed them with prejudice as well. The remaining claims against the State officials in their individual capacities and the newspaper were dismissed without prejudice to allow Dr. Novosad to file a second amended complaint. After Dr. Novosad did so, the court conducted a third sua sponte review. The court concluded that Dr. Novosad's claims against the State officials remained official-capacity claims and dismissed them with prejudice. The court declined to exercise supplemental jurisdiction over the state law claims against the newspaper, and dismissed the second amended complaint in its entirety. Dr. Novosad appeals.

It appears from Dr. Novosad's Reply Brief that he has abandoned his official-capacity claims against the State officials and all his claims against the state judge. Accordingly we address only his individual-capacity claims against the members of the Medical Board, Dr. Shemonsky, the Attorney General, and the

Assistant Attorneys General.[1]  The district court ruled that Dr. Novosad had asserted only official-capacity claims against these defendants and accordingly dismissed them on Eleventh Amendment grounds.  Although we believe that the second amended complaint, when construed liberally as we must, see Haines v. Kerner, 404 U.S. 519, 520 (1972), asserts claims against these defendants individually, we nonetheless see no ground for reversal.

We turn first to the claims against the Board members and Dr. Shemonsky. This court has held under virtually identical circumstances that state medical board members are entitled to absolute immunity when performing adjudicatory and prosecutorial functions in the exercise of their authority to license physicians and take disciplinary action against them.  See Horwitz v. State Bd. of Medical Examiners, 822 F.2d 1508, 1515 (10th Cir. 1987).  Accordingly, Dr. Shemonsky and the Board Members here are absolutely immune from liability on Dr. Novosad's claims, all of which are premised on defendants' activities during the revocation of Dr. Novosad's medical licenses.

_____

[1] Dr. Novosad continues to assert claims against the federal official, an assistant inspector general with the United States Office of Personnel Management, under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). These claims are so conclusory as to be virtually unintelligible.  They were therefore properly dismissed as frivolous under 28 U.S.C. § 1915 and we will not address them further.  Dr. Novosad also presses his claims against the newspaper. In light of our conclusion dismissing this appeal, we do not disturb the district court's decision declining to exercise supplemental jurisdiction over these state law claims, noting that Dr. Novosad may pursue them in the proper forum.

The claims against the Assistant Attorneys General arise from their activity in appearing before the hearing examiner and the state courts on behalf of the Board during the administrative proceedings and Dr. Novosad's judicial appeal of the administrative decision. A prosecutor is absolutely immune when he acts as an advocate for the state before a neutral decision maker. See Roberts v. Kling, 104 F.3d 316, 318-19 (10th Cir. 1997). The trial court's dismissal of the claims against these defendants is therefore not subject to reversal. Finally, we address the claim against the Attorney General, which is based on his condoning the actions of his Assistants. This charge is in essence an assertion that the Attorney General is liable on the basis of respondeat superior, a doctrine that cannot support liability under section 1983. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978).

In sum, we conclude that Dr. Novosad's claims on appeal are frivolous. We therefore **DENY** his application to proceed in forma pauperis and **DISMISS** his appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge