The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Emanuel STANCHIEFF, Defendant–
Appellant.

No. 92CA0110.

Colorado Court of Appeals,
Div. IV.

April 22, 1993.

Rehearing Denied June 10, 1993.

Certiorari Denied Dec. 13, 1993.

Gale A. Norton, Atty. Gen., Raymond T.
Slaughter, Chief Deputy Atty. Gen., Timo-
thy M. Tymkovich, Sol. Gen., Linda C. Mi-
chow, Asst. Atty. Gen., Denver, for plain-
tiff-appellee.

Ronald M. Aal, Denver, for defendant-
appellant.

Opinion by Judge MARQUEZ.

Defendant, Emanuel Stanchieff, appeals from a judgment of conviction entered on jury verdicts for possession of a schedule I controlled substance and possession of marihuana concentrate. We reverse.

Following defendant's arrest on August 20, 1986, a preliminary hearing was scheduled for September 24, 1986, in county court. However, the prosecution's witness, the arresting officer, failed to appear. The record indicates the prosecution was unable to inform the county court why the officer did not appear.

When the court denied the prosecution's motion for a continuance, the prosecution proceeded with the preliminary hearing, presenting a single witness who could provide no evidence of identity. The county court then dismissed the charges for lack of probable cause.

The prosecution then petitioned for leave to file a direct information in district court, stating that a subpoena had been mailed to the officer, but the officer was on vacation when the subpoena arrived. The court granted leave to file a direct information on October 16, 1986, denied defendant's subsequent motion to dismiss, and a preliminary hearing was held on November 26, 1986, in district court.

Defendant contends that the district court erred in allowing the prosecution to refile charges after the same charges had been dismissed for lack of evidence in the county court. We agree.

Crim.P. 5(a)(4)(I), in effect at that time, provided:

> Within 10 days after the defendant is brought before the county court, either the prosecuting attorney or the defendant may file a written motion for a preliminary hearing. Upon the filing of such a motion, the judge forthwith shall set a hearing. The hearing shall be held within 30 days of the day of the setting, unless good cause for continuing the hearing beyond that time be shown to the court. . . .

■ If the county court dismisses a charge after holding a preliminary hearing under Crim.P. 5(a)(4), the exclusive remedy available to the prosecution is to request leave to file a direct information in the district court. *People v. Freiman,* 657 P.2d 452 (Colo.1983).

■ A county court's dismissal of a felony complaint for lack of probable cause is not a bar to filing a direct information charging the same offense in district court. Crim.P. 5(a)(4); Crim.P. 7(c)(2); *People v. Sabell,* 708 P.2d 463 (Colo.1985).

Crim.P. 7(c)(2), then in effect, provided:

> The prosecuting attorney, with the consent of the court having trial jurisdiction, may file a direct information if:
>
> . . . .
>
> (2) A preliminary hearing was held in the county court and the accused person was discharged. . . .

■ Valid consent to proceed against the accused by direct information requires the prosecution to present reasons sufficient to justify a direct filing. *See People v. Elmore,* 652 P.2d 571 (Colo.1982). And, when exercising its discretion in deciding whether to permit the direct filing of an information under Crim.P. 7(c)(2), the district court is required to balance the right of the district attorney to prosecute criminal cases against the need to protect the accused from discrimination and oppression. This court will not overrule the district court unless its ruling was an abuse of discretion. *People v. Sabell, supra.*

■ Here, the district attorney complied with the procedural requirements for a direct filing under Crim.P. 5(a)(4)(IV) and (V) and Crim.P. 7(c)(2). The trial court apparently granted leave to file a direct information without hearing.

At the hearing on defendant's motion to dismiss, however, as reason for the direct filing, the district attorney indicated that his office had simply mailed a subpoena to the arresting officer. Mailing of a subpoena to a witness, without more, does not

comply with the requirements for subpoenaing witnesses set forth in Crim.P. 17(d).

There is no indication in the record that the district attorney otherwise took steps to confirm that the officer had received the subpoena or to ensure her attendance. Rather, the district attorney merely asserted that mailed subpoenas were customary practice and gave no other justification for not doing more.

Under such circumstances, we conclude that this is not a situation in which conditions beyond the prosecution's control made a witness unavailable. *See People v. Sabell, supra.*

The record does not indicate a showing that the prosecution exercised diligence in trying to obtain the witness' presence. *See People ex rel. Gallagher v. County Court,* 759 P.2d 859 (Colo.App.1988) (county court denied continuance at preliminary hearing after police officer was unavailable because he was on vacation and appeal to district court taken pursuant to C.R.C.P. 106(a)(4)).

Nor is there a reason given, other than a decision by the district attorney, why other witnesses who could have given evidence of identity were not summoned to the preliminary hearing. *See Holmes v. District Court,* 668 P.2d 11 (Colo.1983) (tactical decision in county court to put on hearsay testimony about informant's statements rather than direct testimony by informant not grounds for refiling).

Instead, the record points to the conclusion that, having determined that his essential witness would not appear, and that a continuance would be denied, the district attorney went forward with a preliminary hearing at which he knew no probable cause could be established, for the sole purpose of avoiding dismissal and the abuse of discretion standard attendant upon any appeal of that dismissal. *See People v. Crow,* 789 P.2d 1104 (Colo.1990).

In *Chavez v. District Court,* 648 P.2d 658 (Colo.1982), the county court refused to grant a continuance and dismissed charges, based upon inadequate preparation by the district attorney. Instead of appealing the dismissal of the charges on the basis that the county court abused its discretion in refusing to continue to preliminary hearing, the district attorney refiled the charges against the defendant in the district court and the district court allowed the direct filing. Because of the delay occasioned by the prosecution's errors and the subsequent dismissal, the 30–day requirement of Crim.P. 5(a)(4)(I) was not met.

In disallowing the direct filing, the supreme court stated:

> Neither Crim.P. 7(c) nor any other rule allows filing of a direct information in the district court if the charges, first filed in county court, are dismissed *before* a preliminary hearing for failure of the People to comply with the 30–day rule in Crim.P. 5(a)(4)(I) ... The effect of allowing a direct filing in cases where no preliminary hearing in county court has occurred because of prosecutorial delay would be to eliminate the only compelling sanction for violation of the 30–day limit mandated by Crim.P. 5(a)(4)(I)—dismissal of the charges without an opportunity to refile in district court. (emphasis in original).

*People v. Chavez, supra,* at 660.

The rationale of *People v. Chavez* is equally applicable here. To base a direct filing upon a sham preliminary hearing, held for the sole purpose of preserving the option to file a direct information, eliminates the only compelling sanction for inadequate preparation by the district attorney, *i.e.,* dismissal without an opportunity to refile.

We conclude that reliance on informal and highly uncertain procedures such as those used here to obtain the presence of essential witnesses is not due diligence, *see People ex rel. Gallagher v. County Court, supra; People v. Crow, supra,* and that going forward with a preliminary hearing for the sole purpose of preserving the possibility of a direct filing is not good cause for a direct filing under Crim.P. 7(c). Thus, it was an abuse of discretion to allow the direct filing in the district court.

In.light of our disposition of this issue, we do not reach defendant's other contentions.

The judgment is reversed.

PLANK and JONES, JJ., concur.